Sheets *v.* Bray *et al.*

No. 14,287.

## SHEETS *v.* BRAY ET AL.

| 125 | 33 |
|---|---|
| 129 | 137 |
| 125 | 33 |
| 131 | 176 |
| 125 | 33 |
| 144 | 492 |
| 125 | 33 |
| 152 | 136 |
| 125 | 33 |
| 159 | 480 |
| 159 | 483 |

PLEADING.—*Cross-Complaint.*—*Executory Contract.*—*Answer Averring Insanity.*—*Sufficiency of.*—*Partition.*—Where, in an action for the partition of land, a cross-complaint is filed setting up an executory contract, by the terms of which it is alleged the decedent sold the land in controversy to the cross-complainant, and agreed in consideration of the cross-complainant's agreement to care for, nurse, and support him during his natural life, to convey to her said land, or to execute a will devising the same to her, and that under the terms of said agreement the decedent put her in possession of said land, and that she made valuable improvements thereon; but that he died without executing said will, or conveyance, an answer is sufficient which avers that at the time of making the executory contract set out in the cross-complaint the decedent was of unsound mind, and incapable of entering into a binding contract.

SAME.— *Continuance of Insanity.*—*Presumption as to.*—*Burden of Proof.*— *Distinction Between Executed and Executory Contracts.*—The answer need not aver that such insanity was a continuing disability. When insanity is once shown to exist, it is presumed to continue until the contrary is shown. The burden was upon the cross-complainant to show that the decedent recovered from his insanity, if he was insane at the time he entered into the contract alleged in the cross-complaint. The case stands upon a different ground from that of a case where the contract has been fully executed.

SPECIAL FINDING.— *When Court's Finding not so Regarded.*—*Advisory Jury.* —When the court, of its own motion, calls a jury to whom it submits questions of fact for its information, and upon a return of their answers the court prepares what purports to be a special finding of the facts proved in the case, and its conclusions thereon, the case will be treated as one in which the court entered a general finding, it not appearing that such special finding was made at the request of either of the parties to the suit.

JUROR. — *Relationship to a Party.* — *When Does not Disqualify.*—Where a jury is called by the court for an advisory purpose only, the court may wholly ignore the facts as found by the jury, and act independently thereof. In such a case, where it does not appear in any legitimate form that the court adopted the facts as found by the jury, and its finding is general, the fact that one of the jurors was related by marriage to one of the parties to the action will not invalidate the finding.

JURY.—*Right to Trial by.*— *When Waived.*—*Submission of Questions of Fact to Jury.*—*Absence of Objection to.*—*Effect of.*—Where the right to a trial by

VOL. 125.—3

jury exists, and no request is made for the same, it will be considered as waived. Where no objection is made to the action of the court in calling a jury to try the questions of fact involved in the case, it is too late then to complain thereof.

WITNESSES.—*Suit Between Heirs.—Discretion of Court.— When not Abused.* —Where, in an action between heirs, the court permits the parties to the suit to testify, the fact that there are several plaintiffs and but one defendant will not indicate an abuse of discretion on the part of the court where the defendant, of necessity, has a superior knowledge of the principal facts involved in the case.

From the Morgan Circuit Court.

*V. Carter, G. W. Grubbs, M. H. Parks* and *F. P. A. Phelps,* for appellant.

*G. A. Adams, J. S. Newby* and *J. M. Bishop,* for appellees.

COFFEY, J.—This was an action by the appellees against the appellant, instituted in the Morgan Circuit Court, for the partition of the land described in the complaint. The complaint alleges that each of the appellees and the appellant are the owners as tenants in common of one-eighth of said land, as the only heirs at law of Harris Bray, their father, who died the owner of the same.

The appellant answered, admitting the heirship as alleged in the complaint, but averring that the said Harris Bray, in his lifetime, sold said land to the appellant, and in consideration of her agreement to care for, nurse, and support him during his natural life, agreed to convey the same to her, or to execute a will devising the same to her; that under the terms of said agreement the said Harris Bray put her in possession of said land, and that she made valuable improvements thereon, but that he died without executing said will or conveyance.

The appellant also filed a cross-complaint, setting up substantially the same facts, and prayed a decree for specific performance.

In addition to the general denial to the cross-complaint the appellees answered, that at the time of making the con-

tract therein set out, the said Harris Bray was a person of unsound mind, and incapable of entering into a binding contract.

It is urged that this answer was not sufficient, because it did not aver that such insanity was a continuing disability. This position can not be maintained.

It is an old and familiar rule, so well known as to need no citation of authorities, that when insanity is once shown to exist it is presumed to continue until the contrary is shown.

The burden was on the appellant to show that Harris Bray recovered from his insanity, if he was insane at the time he entered into the contract alleged in the cross-complaint. The case stands upon different ground from that of a case where the contract has been fully executed. The cross-complaint seeks to enforce an executory contract, and in such case it is a sufficient answer to say that the party who made it was, at the time, a person of unsound mind, and not capable of making a binding contract. *Physio-Medical College of Indiana* v. *Wilkinson*, 108 Ind. 314.

The fourth paragraph of answer to the cross-complaint avers that the contract therein set out was procured by the fraud of the appellant, setting out specifically in what the fraud consisted, and is, in our opinion, if true, sufficient to bar the appellant's right to a specific performance of the contract.

The court, of its own motion, called a jury, to whom it submitted questions of fact for the information of the court. Upon a return of the answers to questions submitted to the jury the court prepared what purports to be a special finding of. the facts proven in the cause, and its conclusions of law thereon. It does not appear that the court made such special finding at the request of any of the parties to the suit. We are not at liberty, therefore, to treat it as a special finding, but must treat the case as one in which the court entered a general finding. *Northcutt* v. *Buckles*, 60 Ind. 577 ; *Caress* v. *Foster*, 62 Ind. 145 ; *Smith* v. *Uhler*, 99 Ind. 140.

It appears from the record that one of the jurors called was related by marriage to one of the appellees; and it is insisted that the court, for that reason, should have granted a new trial. Did it appear that the judgment in this cause was based upon the verdict of a jury, one of whom was related to one of the parties within the sixth degree, there would be ground for the complaint here made. But in a case like this the finding of facts submitted to the jury is only advisory to the court, and the court may wholly ignore the facts as found by the jury, and doubtless would do so if not satisfied that such facts were found correctly. It does not appear in any legitimate form that the court adopted the facts as found by the jury, and, as the finding is general, we must presume, in favor of the action of the court, that it acted on the evidence in the cause, and made such finding as it thought the evidence required.

It is next contended that the court erred in refusing to award the appellant a jury trial in the cause. We have been unable to find any bill of exceptions in the record showing a request on the part of the appellant for a jury trial, and a refusal and exception thereto, nor is any such bill referred to by counsel in their brief. In the absence of such request the right to a trial by jury, if such right existed in this case, must be regarded as waived. Nor was any objection made to the action of the court in calling a jury to try the questions of fact involved in the case. It is now too late to complain of such action on the part of the court. *Hauser* v. *Roth*, 37 Ind. 89; *Griffin* v. *Pate*, 63 Ind. 273.

It is, also, urged that the court was guilty of an abuse of discretion in calling the parties to the suit as witnesses in the cause. It is claimed that such abuse is manifest for the reason that there are several appellees and but one appellant.

The weight of testimony does not always depend on the number of witnesses. By reason of the appellant's superior knowledge of the principal facts involved in the case, we

can not say that the number of parties against her should be considered by us an evidence that the court was guilty of an abuse of discretion in calling all of the parties to the suit, as witnesses, to testify to their knowledge of the facts under investigation.

Finally, it is contended by the appellant that the finding of the court was not supported by the evidence.

On the trial of the cause there was much evidence tending to prove that it was the intention of Harris Bray, the father of the parties to this suit, that the appellant should have the land in suit, in consideration of taking care of him during his old age. It appears, however, from an examination of the appellant, taken before the trial, that at the time she and her husband moved upon the land in controversy, Harris Bray's mind was in such a condition that he was not competent to make a binding contract; and that they moved into the house with said Harris Bray without any contract of any kind with him. She and her husband continued to live in the same house with her father until his death. Indeed, it would seem from her testimony, taken in that examination, that there never was any definite contract between them.

The evidence in the cause is very unsatisfactory as to whether Harris Bray ever did put the appellant into possession of said land pursuant to a contract of sale. We can not say that the finding of the circuit court was not supported by the evidence in the cause. After a careful examination of all the questions presented and argued we have been unable to find any available error in the record.

Judgment affirmed.

Filed May 17, 1890 ; petition for a rehearing overruled Sept. 19, 1890.