ALL PHASE CONSTRUCTION CORPORATION *v.* FEDERATED MUTUAL INSURANCE COMPANY.

[No. 1-1075A173.  Filed February 3, 1976.]

*Robert L. Baker, Baker, Barnhart and Andrews,* of Bloomington, for appellant.

*Richard S. Ewing, Stewart, Irwin, Gilliom, Fuller & Meyer,* of Indianapolis, for appellee.

ROBERTSON, C.J.—This is an appeal from a summary judgment in favor of the defendant-appellee (Federated) and against plaintiff-appellant (All Phase).

The issue concerns whether or not All Phase, as a subcontractor, had an insurable interest in drywall materials, both installed and awaiting installation, which were destroyed by a fire of undetermined origin at an apartment construction project. Federated had rejected All Phase's claim for the lost material.

Federated argues that by the terms of the contract All Phase signed with the general contractor, All Phase relinquished title to the materials upon delivery to the job site and All Phase also agreed, through the contract, to waive all lien rights.

All Phase contends that the contract also provided that it could not be paid until their work was accepted by the contractor. Because the fire occurred after installation, but before acceptance, All Phase asserts the existence of a pecuniary loss for that material as well as uninstalled materials destroyed.

While the existence or non-existence of title and lien rights may be helpful in determining an insurable interest they need not be the determining factor. The primary consideration is stated as follows:

"Anyone has an insurable interest in property who derives a benefit from its existence or would suffer a loss from its destruction whether or not he has title or a secured interest in the property. A right of property is not essential. Any limited or qualified interest or any expectancy of advantage is sufficient." *Ebert* v. *Grain Dealers Mutual Insurance Company* (1973), 158 Ind. App. 379, 303 N.E.2d 693, at 695.

Or stated in another way:

"The usual rule customarily followed is that an interest exists when the insured derives pecuniary benefit or advantage by the preservation or continued existence of the property or will sustain pecuniary loss from its destruction. Reasonable expectation of benefit from preservation of the property is thus sufficient; or liability to loss from damage to it will be sufficient." (Footnotes Omitted.) 4 Appleman Insurance Law and Practice § 2123, at 35, 36 and 37 (1969).

We are of the opinion that All Phase fits comfortably into either definition as the possessor of an insurable interest.

Federated posits that All Phase did not sustain a direct pecuniary loss for several reasons. First, it is asserted that All Phase did not possess title or lien rights to the destroyed property. As previously indicated, neither property right is absolutely determinative of an insurable interest. The essence of the remaining argument by Federated is that All Phase stands as a general creditor and therefore, according to *Appleman, supra* at § 2138, has no insurable interest. That same section further indicates that something more than a mere general interest in the preservation of the insured property does allow an insurable interest. The facts, as we perceive them from the record, indicate that All Phase had an investment in materials and labor which would amount to more than a general interest on their part.

(We note that argument presented by both sides broaches upon whether or not Federated's policy covered the destroyed materials. We do not deem that to be the issue in this appeal because whether the insurable interest has in fact been insured is a distinctly separate legal and factual question from the mere existence of an insurable interest.)

Having found error in the ruling on Federated's motion for summary judgment we reverse and remand to the trial court for further action consistent with this opinion.

Reversed and remanded.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 340 N.E.2d 835.