UNITED FARM BUREAU MUTUAL IN-
SURANCE COMPANY, d/b/a Farm
Bureau Insurance, Appellant (Defend-
ant Below),

v.

Randall W. BLANTON and Susan Blan-
ton, Husband and Wife, Barrick Realty,
Inc., an Indiana Corporation, and Dan-
iel W. Barrick, Jr., Appellees (Plaintiffs
Below).

UNITED FARM BUREAU MUTUAL IN-
SURANCE COMPANY, d/b/a Farm
Bureau Insurance, Appellant (Counter-
claimant Below),

v.

BARRICK REALTY, INC., and Daniel
W. Barrick, Appellee (Counterdefen-
dant Below).

No. 3–183A21.

Court of Appeals of Indiana,
Third District.

Dec. 27, 1983.

James J. Nagy, Munster, for appellant.

James T. Walker, Walker, Fleming, Corbin & Greenberg, P.C., Merrillville, for appellees Randall W. Blanton, Susan Blanton, Barrick Realty, Inc., and Daniel W. Barrick, Jr.

STATON, Judge.

Randall and Susan Blanton (Blantons), Daniel W. Barrick, Jr., and Barrick Realty, Inc. (Barrick) sued United Farm Bureau Mutual Insurance Company, d/b/a Farm Bureau Insurance (Farm Bureau), alleging that Farm Bureau had wrongfully failed to pay a claim for damage resulting from a fire. Farm Bureau brought a counterclaim, alleging that Barrick's failure to obtain an assignment of the insurance policy was negligent and increased the risk to Farm Bureau. The trial court determined that the Blantons had an insurable interest in the property to the extent of their liability on the mortgage for the property and awarded them $10,417.00. The court denied recovery to Barrick and denied recovery to Farm Bureau on its counterclaim against Barrick. Farm Bureau appeals, raising the following issues:

(1) Whether the Blantons had an insurable interest in the property despite their attempt to sell the property to Barrick;

(2) Whether Barrick's negligence in failing to notify Farm Bureau of the sale of the property increased Farm Bureau's risk in covering the property;

(3) Whether the trial court erred in ordering that payment be made to the Blantons instead of to the mortgagee to the extent of its interest, in accordance with the terms of the policy; and

(4) Whether the trial court's refusal to admit into evidence the deposition of Barrick is an error which requires reversal.

Affirmed; remanded for modification of the judgment.

The Blantons owned property at 3993 Tennessee Street in Gary, Indiana. On October 3, 1978, the Blantons sold the property to Barrick for $1,000.00 and the understanding that Barrick would assume the mortgage on the property. That mortgage was held by Waterfield Mortgage Co., Inc. (Waterfield). The Blantons gave Barrick a blank warranty deed which they had signed. Barrick planned to have the deed completed and recorded, to file the necessary papers for assuming liability on the mortgage and to seek an assignment of the Blantons' homeowner's insurance policy. However, none of these actions were taken.

Later, Barrick sold the property on contract to Kent Phillips. Phillips agreed to insure the property, but had not done so when the fire occurred on November 7, 1979. Phillips abandoned possession of the property following the fire. Barrick, as Barrick Realty, Inc., and the Blantons filed a claim with Farm Bureau in the amount of $15,000.00, the policy limit, for the damage to the property. Farm Bureau refused to pay the claim, and the Blantons and Barrick filed suit.

I.

Insurable Interest

After a bench trial, the trial court, *sua sponte*, issued findings of fact, concluding that the Blantons retained an insurable in-

terest in the property to the extent of their liability on the mortgage at the time of the fire, which was $10,417.00. He ordered that amount paid to the Blantons. He found that the property was subject to an executory sales contract at the time of the fire because no deed had been delivered or recorded, and concluded that Barrick was not entitled to recovery under the policy. The trial court also found that Barrick's failure to notify Farm Bureau of the sale of the property was not the cause of the damage to the premises, that Farm Bureau had presented no evidence with respect to its defense of increased risk, and concluded that Farm Bureau was not entitled to recover against Barrick on its counterclaim.

■■■ The trial court, *sua sponte*, stated specific findings of fact and conclusions of law, as provided for in Ind.Rules of Procedure, Trial Rule 52(A), in support of its general findings in favor of the Blantons. When the court makes specific findings, on its own motion, the general finding or judgment will control as to the issues upon which the court has not expressly found, *Shrum v. Dalton* (1982), Ind.App., 442 N.E.2d 366, and the special findings control only as to those issues which they cover. *Hunter v. Milhous* (1973), 159 Ind.App. 105, 305 N.E.2d 448. A general judgment will be affirmed if it can be sustained upon any legal theory by the evidence introduced at trial. *English Coal Co., Inc. v. Durcholz* (1981), Ind.App., 422 N.E.2d 302. Special findings will not be set aside on appeal unless they are clearly erroneous. TR. 52(A).

■■■ The trial court concluded that the Blantons had an insurable interest[1] in the fire-damaged premises to the extent of their liability on the mortgage.[2] A person has an insurable interest in property if he obtains a benefit from the property's existence or would suffer a loss from its de-

struction. It is not essential that he hold a security interest in or title to the property. *All Phase Const. Corp. v. Federated Mut. Ins. Co.* (1976), 168 Ind.App. 19, 340 N.E.2d 835; *Ebert v. Grain Dealers Mutual Insurance Company* (1973), 158 Ind.App. 379, 303 N.E.2d 693. When the Blantons transferred possession of the property to Barrick, they remained liable on the mortgage. It is undisputed that Barrick never filed the necessary document to assume the Blantons' mortgage, although he did make mortgage payments using the Blantons' payment book. Therefore, damage to the property impaired the security for the Blantons' mortgage. It is not necessary to determine whether Barrick or the Blantons or Phillips held title to the property at the time of the fire; the Blantons clearly had an insurable interest to the extent of their mortgage obligation. *See* 4 Appleman, Insurance Law and Practice § 2245 (1969); 3 Couch on Insurance § 24:71 (2d ed. 1960).

Farm Bureau argues that an insurance policy relates to the insured, rather than to the property protected by the policy; thus, the policy became void when Barrick purchased the property. Barrick failed to obtain an assignment of the policy; therefore, the trial court determined that he was not entitled to recover under it. Barrick does not appeal that determination. The judgment allows the Blantons to recover to the extent of *their* insurable interest under the policy which *they* owned. In support of its argument that the sale to Barrick rendered the policy void, Farm Bureau cites *Farmers Mutual Fire Insurance Company of LaPorte County v. Olson* (1920), 74 Ind. App. 449, 129 N.E. 234 and *New v. German Insurance Company of Freeport* (1892), 5 Ind.App. 82, 31 N.E. 475. In both of these cases, the insurance policy at issue contained a clause providing that the policy would be void if the insured's interest in the property changed or if title to the prop-

---

1. The issue of whether the Blantons' insurable interest was properly insured is a separate question. *All Phase Const. Corp. v. Federated Mut. Ins. Co.* (1976), 168 Ind.App. 19, 340 N.E.2d 835. However, this issue was not raised at trial and is therefore waived. *Zeigler Buildg. Materials, Inc.*

*v. Parkinson* (1980), Ind.App., 398 N.E.2d 1330, 1332.

2. The parties stipulated prior to trial that the unpaid balance of the mortgage on the date of the fire was $10,417.00.

erty changed. No such clause is at issue here; therefore the rules set forth in *New* and *Farmers Mutual* do not apply to the Blantons' claim.[3] We reject Farm Bureau's assertion that the Blantons had no insurable interest in the property.

## II.

### Farm Bureau's Counterclaim

■ Farm Bureau's counterclaim alleged that Barrick was negligent in failing to notify Farm Bureau of the sale and seek an assignment of the policy. On the counterclaim, Farm Bureau bore the burden of proof; therefore, it is appealing from a negative judgment on the counterclaim and we will not disturb that judgment unless the evidence is without conflict and leads unerringly to a different conclusion. *Plumley v. Stanelle* (1974), 160 Ind.App. 271, 311 N.E.2d 626.

■ Farm Bureau had the burden of proving that Barrick owed a duty to Farm Bureau, that he failed to perform that duty and that Farm Bureau suffered an injury as a result of Barrick's failure to fulfill his duty. *Palace Bar, Inc. v. Fearnot* (1978), 269 Ind. 405, 381 N.E.2d 858. The trial court found that Farm Bureau had not shown that Barrick's failure to obtain an assignment of the policy was the proximate cause of any injury to Farm Bureau. The record contains little beyond a bare assertion that Farm Bureau's risk of loss increased when Barrick took possession of the property. The trial court's finding is not clearly erroneous and will not be disturbed on appeal.[4]

## III.

### Payment

Farm Bureau contends that the trial court erred in ordering that the $10,417.00 be paid to the Blantons. Farm Bureau argues that this sum is the amount owed to

Waterfield Mortgage Company (Waterfield) as the balance of a mortgage on the property and, therefore, should have been ordered paid to Waterfield according to the terms of the insurance policy.

Farm Bureau relies upon provisions in the insurance policy which provided, in pertinent part:

"2. Mortgage Clause.

\* \* \* \* \* \*

b. If a mortgagee is shown on the declarations page, we pay any loss payable under Coverage A or B of Part I to the mortgagee and the insured, as interests appear. If more than one mortgagee is shown for an insured location, the order of our payment to each mortgagee is the same as the order of precedence of the mortgages.

c. If we deny the insured's claim, that denial does not apply to a valid claim of the mortgagee . . .

d. If we pay the mortgagee for any loss and deny payment to the insured:

(1) we are subrogated to all the rights of the mortgagee granted under the mortgage on the property; or

(2) at our option, we may pay to the mortgagee the whole principal on the mortgage plus any accrued interest. In this event, we are entitled to receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt."

(*Record*, p. 271). Farm Bureau asserts that the payment to the Blantons denies its rights to subrogation or assignment and subjects it to the possibility of continued liability for the same property. The provisions providing for subrogation or assignment are not applicable here. The policy itself states that Farm Bureau is entitled to subrogation or assignment if it pays the mortgagee for a claim and denies payment to the insured. In this case, Farm Bureau

---

3. Farm Bureau asserts that the Blantons made misrepresentations on the declarations page of the policy. This issue was not raised in the Motion to Correct Errors, so it is waived. *Stan-*

*ley v. Fisher* (1981), Ind.App., 417 N.E.2d 932 *(trans. denied)*.

4. Likewise, the record contains no support for Farm Bureau's defense of increased risk of loss.

has been ordered to pay a claim filed by the Blantons, not a claim brought by the mortgagee upon denial of the Blantons' claim.

 However, Section 2.b. of the Mortgage Clause states that payment under this policy will be made to the mortgagee and the insured "as interests appear." This section should be applied to the payment under the policy ordered by the trial court. Therefore, we must remand for modification of the judgment to provide that payment be made in accordance with the terms of the policy.[5]

### IV.

### Exclusion of Evidence

 Farm Bureau contends that the trial court committed reversible error in refusing to admit the deposition of Barrick into evidence because Ind.Rules of Procedure, Trial Rule 32(A)(2) provides that the deposition of any party may be used by an adverse party. Even if the trial court erred in excluding evidence, Farm Bureau must demonstrate prejudice before the error may be grounds for reversal. *City of Indianapolis v. Ervin* (1980), Ind.App., 405 N.E.2d 55, 62; *Wells v. Gibson Coal Company* (1976), 170 Ind.App. 445, 352 N.E.2d 838. Farm Bureau has made no showing of prejudice; its bald assertion that the exclusion of the deposition constitutes reversible error is not sufficient.[6] The record shows that Barrick testified and was subjected to vigorous cross-examination by Farm Bureau. During cross-examination, Farm Bureau read a portion of Barrick's

sworn statement to him. In the absence of any specific showing of prejudice by Farm Bureau, we fail to see that the exclusion of Barrick's deposition constituted reversible error.

Affirmed and remanded for modification of the judgment.

HOFFMAN, P.J., and GARRARD, J., concur.

---

5. Farm Bureau argues that Waterfield was not a party to the proceeding and that only Waterfield was entitled to bring suit to protect its interest. This issue was not raised prior to trial, nor does the record reveal any attempt, pursuant to Ind. Rules of Procedure, Trial Rule 19, by Farm Bureau to join Waterfield as a party to this action. Farm Bureau cannot now seek reversal, claiming that only Waterfield could have brought the action. *See Ligon Specialized Hauler, Inc. v. Hott* (1979), 179 Ind.App. 134, 384 N.E.2d 1071, 1076. Moreover, the Blantons, as owners of the insurance policy were entitled to sue to compel payment under the policy. Any harm which Farm Bureau argues might be caused to it if Waterfield is not paid will be prevented by the modification of the judgment

to provide for payment in accordance with the terms of the policy.

6. Farm Bureau's offer to prove consisted of asking the court to consider the statement as its offer. (Record, p. 262). The statement does not appear at that point in the record and Farm Bureau has not favored us with a citation to the statement itself. We note that Ind.Rules of Procedure, Appellate Rule 8.3 requires that citation to parts of the record relied upon be contained in the briefs. We are not required to search the record for evidence supporting Farm Bureau's argument. *See State v. Edgman* (1983), Ind. App., 447 N.E.2d 1091, 1109 *(trans. denied).*