**VANDERBURGH COUNTY BOARD OF COMMISSIONERS, Appellant– Defendant,**

**and Evansville–Vanderburgh Area Plan Commission, Non–Appealing Defendant**

v.

**James RITTENHOUSE and Betty Rittenhouse, Appellees– Plaintiffs.**

**No. 82A01–9012–CV–524.**

Court of Appeals of Indiana, First District.

July 29, 1991.

---

David V. Miller, Joseph H. Harrison, Jr., Evansville, for appellant-defendant.

Leslie C. Shively, Noffsinger, Price, Bradley & Shively, Evansville, for appellees-plaintiffs.

BAKER, Judge.

The plaintiff-appellees, James and Betty Rittenhouse, purchased a 20–acre tract of agriculturally zoned land adjacent to Interstate Highway 164 (I–164) in Vanderburgh County. They subsequently petitioned the Evansville–Vanderburgh Area Plan Commission (the APC) and the Vanderburgh County Board of Commissioners (the Commissioners), requesting the property be rezoned for light industrial purposes. The Commissioners denied the petition, and the Rittenhouses brought suit in Vanderburgh Superior Court, alleging the denial was invalid and amounted to a taking of their property requiring just compensation under the Fifth Amendment to the United States Constitution and Article I, Sections 21 and 23 of the Indiana Constitution. The trial court entered summary judgment in favor of the APC and, after a trial, entered judgment for the Rittenhouses against the Commissioners.

The Commissioners now appeal, raising a sole restated issue for our review: whether a local legislative body's refusal to grant a rezoning request is invalid and unconstitutional when the subject land may be put to a reasonable use under the current zoning classification. We reverse.

## STANDARD OF REVIEW

The case was tried to the court without the intervention of a jury, and the trial court adopted the Rittenhouses' proposed findings of fact and conclusions of law. In such an instance, our standard of review is determined by Ind. Trial Rule 52 and case law interpreting that rule.

When a party has requested specific findings of fact and conclusions of law under T.R. 52(A), the reviewing court cannot review the evidence to affirm on any legal basis. Rather, the court must determine whether the trial court's findings are sufficient to support the judgment. *Laux v. Chopin Land Associates, Inc.* (1990), Ind.App., 550 N.E.2d 100, 102, *trans. denied; Willett v. Clark* (1989), Ind.App., 542 N.E.2d 1354, 1357, *appeal after remand,* 564 N.E.2d 948; *Matter of Dull* (1988), Ind.App., 521 N.E.2d 972, 975; *City of Hammond v. Conley* (1986), Ind.App., 498 N.E.2d 48, 52; *Orkin Exterminating Co., Inc. v. Walters* (1984), Ind.App., 466 N.E.2d 55, 56, *trans. denied.* In reviewing the judgment, we must first determine whether the evidence supports the findings and second, whether the findings support the judgment. *Town of Merrillville Board of Zoning Appeals, et al. v. Public Storage, Inc.* (1991), Ind.App., 568 N.E.2d 1092, 1094–95.[1] The judgment will be reversed only if it is clearly erroneous, and a judgment is clearly erroneous only when it is unsupported by the findings of fact and conclusions of law entered on those findings. *DeHaan v. DeHaan* (1991), Ind.App., 572 N.E.2d 1315, 1320. If the judgment is supported by the findings of fact and conclusions of law, the judgment may nonetheless be attacked if the findings of fact themselves are clearly erroneous based on the evidence admitted. "Findings of fact are clearly erroneous when the record lacks any facts or reasonable inferences to support them." *Id.* To

---

1. This standard of review has engendered some confusion in the past. The real impact of special findings under T.R. 52(A) is that the trial judge must "cross all the Ts and dot all the Is" for us to affirm. This is so because, even if the evidence supports the findings and the judgment, we cannot affirm unless the findings themselves also support the judgment.

determine whether the findings or the judgment are clearly erroneous, we consider only the evidence most favorable to the judgment and the reasonable inferences flowing therefrom; we will not reweigh the evidence or judge witness credibility. *Id.*

■ When no request is made, however, and the trial court enters specific findings of fact and conclusions of law gratuitously, "the general judgment will control as to the issues upon which the court has not found and the specific findings control only as to the issues they cover." *In re Snemis* (1991), Ind.App., 575 N.E.2d 650, 652 (citing *United Farm Bureau Mut. Ins. Co. v. Blanton* (1983), Ind.App., 457 N.E.2d 609). *See also McClamroch v. McClamroch* (1985), Ind.App., 476 N.E.2d 514, *trans. denied* (even if the trial court enters complete findings *sua sponte*, we will view the case as one decided on a general judgment with the support of partial findings, and will affirm on any theory unless such theory is contrary to any of the findings of fact).

■ Such is the present case. While the record reveals the Rittenhouses submitted two slightly different sets of proposed findings of fact and conclusions of law, one before the trial and one after, *Record* at 221–24; 253–56, the record is devoid of a formal written request for findings prior to the admission of evidence as required by T.R. 52(A). *See In re Snemis, supra*, 575 N.E.2d at 652 (citing *Dahnke v. Dahnke* (1989), Ind.App., 535 N.E.2d 172, *reh. denied*).[2] In this situation, while the *sua sponte* specific findings will not be set aside unless they are clearly erroneous, we will nonetheless affirm the general judgment upon any legal theory supported by the evidence introduced at trial. *United Farm Bureau Mut. Ins. Co., supra*, 457 N.E.2d at 611. Even though the findings are *sua sponte*, however, the specific findings entered will not be set aside unless they are clearly erroneous, just as though a

party had requested the findings be made. *Id.* (citing T.R. 52(A)).

■ Finally, we remind the Rittenhouses of the distinction between an adverse judgment and a negative judgment. The Rittenhouses assert the Commissioners are appealing a negative judgment. They are mistaken. A negative judgment is one entered against a party who bears the burden of proof, while an adverse judgment is one entered against a party defending on a given question. *See, e.g., Beneficial Mortgage Co. of Indiana v. Powers* (1990), Ind. App., 550 N.E.2d 793, *trans. denied* (negative judgment); *In re Tompkins* (1989), Ind.App., 542 N.E.2d 1009, 1013, (adverse judgment). The Rittenhouses, as "the party complaining of the refusal to rezone [have] the burden of showing the existing ordinance or classification is invalid and that the issue of validity is not fairly debatable. The zoning authority does not have the burden of showing the existing classification is valid." *Hills v. Area Plan Commission of Vermillion County* (1981), Ind. App., 416 N.E.2d 456, 462. Once again, the distinction affects our standard of review.

As we have already stated, the "clearly erroneous" standard controls the findings and the judgment when a party requests findings, and controls the findings when the trial court enters findings *sua sponte*. If the trial court enters specific findings against a party bearing the burden of proof, "we will reverse only where the evidence is uncontradicted and supports no reasonable inferences in favor of the decision ... or, even when there is evidence supportive of the judgment if our review of the record leaves us with a definite and firm conviction a mistake has been made." *McClamroch, supra*, 476 N.E.2d at 521 (quotations and citations omitted). When the trial court enters findings in favor of the party bearing the burden of proof, "the clearly erroneous standard is articulated in terms of whether there is substantial evidence of probative value supporting the

---

**2.** The "requirement" that a party file a written request for findings has two effects: first, a written request mandates the trial court to enter specific findings; second, the presence or absence of a written request is determinative of

our standard of review. This latter effect, i.e., the rule that *sua sponte* specific findings lead to appellate review under the general judgment standard, is as old as it is well-settled. *See Sheets v. Bray* (1890), 125 Ind. 33, 24 N.E. 357.

findings, or, even if there is evidence which supports the judgment we are left with a definite and firm conviction a mistake has been made." *Id.* (quotation and citation omitted). Bearing these standards in mind, we turn now to the merits of the present case.

## DISCUSSION AND DECISION

▆▆▆ As plaintiffs, the Rittenhouses bore the burden of proving the Commissioners' refusal to rezone was invalid. *Hills, supra.* It is a difficult burden to meet. A decision on a rezoning application is an exercise of legislative power, which is subject to more deferential review than non-legislative decisions. *Id.* at 461. Moreover, a zoning ordinance, like any other ordinance, comes to us cloaked with a presumption of constitutionality, *see Town of Merrillville Board of Zoning Appeals, supra,* 568 N.E.2d at 1097; *Day, et al. v. Ryan* (1990), Ind.App., 560 N.E.2d 77, 85, and a county legislative body's "refusal to rezone results in an unconstitutional taking only where it prevents any reasonable use of the land." *City of Anderson v. Associated Furniture & Appliances, Inc.* (1981), Ind., 423 N.E.2d 293, 296. The record before us amply demonstrates the Rittenhouses failed to show their property cannot be reasonably used under the present zoning classification.

▆▆▆ The findings of fact submitted by the Rittenhouses and adopted by the court discuss the evidence presented to the Commissioners by the Rittenhouses' expert witness. The witness, a real estate appraiser, prepared a report stating that the property could not reasonably be used for agricultural purposes, and that the only reasonable use (as well as the highest and best use) of the property was for an industrial or commercial purpose.[3] At no point, however, did the findings of fact or conclusions of law state the *trial court* found or concluded that the agricultural classification prevented any reasonable use. Because the question of reasonable use is the issue on which the entire case turns, and because

there was no specific finding on reasonable use, we must turn to the evidence presented at trial to see if the trial court's judgment is sustainable.

The Rittenhouses' arguments are based on three basic assertions: first, that the 20 acre tract is too small to be a viable farm on its own; second, that the physical effect of I–164 on the grading and elevation of the tract renders modern farming methods impracticable, and; third, that the rezoning of other tracts in the neighborhood from agricultural to industrial warrants a rezoning of the subject property. These are insufficient arguments to mandate a change of zoning classification.

The first assertion fails for two reasons. While it appears in this day of large farms that a 20 acre tract of land is not a viable separate economic unit, "[n]ot every burden placed upon private property by zoning ordinances constitutes a confiscation or taking." *City of Evansville v. Reis Tire Sales, Inc.* (1975), 165 Ind.App. 638, 641, 333 N.E.2d 800, 801 (citing *Board of Zoning Appeals v. Schulte* (1961), 241 Ind. 339, 172 N.E.2d 39), and so the Rittenhouses cannot base their challenge solely on economies of scale. Second, the land is usable as crop land. The Rittenhouses paid $2,000 an acre for the land in 1989, a price the evidence reveals was well within the going price for agricultural land in southwest Indiana at that time. In that same year, the property was farmed by a tenant farmer, who paid the Rittenhouses $1,050 in crop royalties. Finally, three area farmers testified the land could be used profitably as a farm, either on a crop share basis, or as part of a larger whole. Indeed, one of these farmers owned adjacent property and testified he would be interested in leasing the Rittenhouses' property as part of his farming operation.

The second assertion cannot succeed because it is not supported by the evidence. On cross-examination, the Rittenhouses' expert agreed that, physically, the land was perfectly suited to modern farming methods. *Record* at 343.

---

**3.** A zoning ordinance need not allow all property to be put to its highest and best use; a reasonable use is all that is required for validity. *Hills, supra,* 416 N.E.2d at 461.

The third assertion is irrelevant. Whether the Commissioners granted rezoning requests from other owners of property near I–164 has no bearing on whether the refusal to rezone in this case was arbitrary and invalid. *Hills, supra,* 416 N.E.2d at 462.

There being no evidence the refusal of the Commissioners to rezone the Rittenhouses' property denied the Rittenhouses all reasonable use of the property, the judgment of the trial court must be reversed.[4] The Rittenhouses bought a tract of land on the gamble they could persuade the Commissioners to change the tract's zoning classification. They "cannot be heard to complain when the legislative body, within the ambit of its discretion, declines to change the overall plan for the[ir] benefit [as] the gambling buyer." *Id.* at 461.

Judgment reversed and remanded with instructions to enter judgment for the Commissioners.

RATLIFF, C.J., and BUCHANAN, J., concur.

---

**4.** From our discussion, it follows that even if the Rittenhouses' proposed findings of fact had included a finding that the land could not be put to any reasonable use under the agricultural classification, we would be compelled to reverse because such a finding, while supporting the judgment, could not in turn be supported by the evidence.