Grace McDONALD, Appellant–
Plaintiff Below,

v.

Oma McDONALD,[1] Appellee–
Defendant Below.

No. 29A02–9308–CV–434.

Court of Appeals of Indiana,
Third District.

March 29, 1994.

Rehearing Denied Aug. 8, 1994.

James A. Gothard, Gothard & O'Connell, Lafayette, for appellant.

Robert C. Becker, Noblesville, for appellee.

STATON, Judge.

Appellant Grace McDonald ("McDonald") brings this second appeal [2] from an adverse

---

1. Oma McDonald remarried after the filing of this complaint. For purposes of this opinion, we will refer to her by her married name, Oma White.

2. After discovering error in the trial court's original findings, this court in a Memorandum Opin-

judgment on her claim for treble damages under Ind.Code 34–4–30–1 [3], which claim was based on Oma White's ("White") alleged conversion of McDonald's property. The following issues are presented on appeal:

I. Whether the evidence is sufficient to support the trial court's findings and judgment.

II. Whether IND.CODE 34–1–32–1(b)(1) entitles White to an award of attorney fees.

We affirm the judgment and remand for a determination of attorney fees.

The facts most favorable to the judgment reveal that McDonald is the former mother-in-law of White, who was divorced from James McDonald ("James") in 1988. As a result of protracted and hostile divorce proceedings, the court divided the couple's marital property, awarding the marital residence to White. Thereafter James removed various items of personal property from the residence, some of which belonged to his mother and had been stored there several years earlier. In the fall of 1988, White sold several items in a garage sale, including a doll house, a child's chair and a child's sofa, all of which she considered worthless. McDonald claims to be the rightful owner of those items, and initiated this conversion action against White to recover their value.[4]

## I.

### Sufficiency of Evidence

Prior to the trial in this action, McDonald requested findings of fact and conclusions thereon pursuant to Ind.Trial Rule 52(A). When a party has made such a request, the reviewing court cannot affirm the judgment on any legal basis; rather, this court must determine whether the trial court's findings are sufficient to support the judgment. *Vanderburgh County Board of Commissioners v. Rittenhouse* (1991), Ind. App., 575 N.E.2d 663, 665, *trans. denied.* The judgment will be reversed only when clearly erroneous, i.e., when the judgment is unsupported by the findings of fact and conclusions entered on the findings. *DeHaan v. DeHaan* (1991), Ind.App., 572 N.E.2d 1315, 1320, *trans. denied.* To determine whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibility. *Id.*

McDonald challenges the following amended finding and conclusion reached by the trial court on remand:

2. The Plaintiff has failed to establish by a preponderance of the evidence that the Defendant knowingly or intentionally exerted unauthorized control over the property of the Plaintiff. Rather the Court finds from the evidence that at the time of the sale of the property at issue herein the Defendant believed said property to be her sole property.

### CONCLUSIONS OF LAW

1. An essential element of the Plaintiff's cause of action is that the Plaintiff *knowingly or intentionally* exerted unauthorized control over the property of the Plaintiff. Plaintiff has failed to satisfy this element and her complaint must fail.

Record, pp. 18–19.

McDonald argues that the evidence at trial is insufficient to support this finding,

---

ion dated March 3, 1993, 609 N.E.2d 1206 remanded this case to the trial court for additional factual determinations and conclusions thereon. Following entry of Amended Findings, Conclusions and Judgment, McDonald brought this second appeal.

3. Ind.Code 34–4–30–1 provides:

If a person suffers a pecuniary loss as a result of a violation of I.C. 35–43, he may bring a civil action against the person who caused the loss for:

(1) an amount equal to three (3) times his actual damages;
(2) the costs of the action; and
(3) a reasonable attorney's fee.

4. At the garage sale, White received one dollar for the doll house and two or three dollars for the chair and sofa, which she sold as a set. McDonald testified that she believed the items were antiques worth approximately $645.00; however, she presented absolutely no evidence to substantiate this claim.

and thus the conclusion thereon is clearly erroneous. Her argument is meritless. At trial, White testified that the property was stored in her attic several years prior to her divorce from James. After the divorce, James removed his and his mother's belongings from the residence, leaving behind the items at issue. White testified that she believed the remaining items belonged to her. McDonald never requested their return prior to this lawsuit, filed nearly a year after the sale. This evidence amply supports the conclusion that White believed the property belonged to her when she sold it. The evidence in fact suggests that McDonald had long since abandoned the items. We find no error here.

## II.

### Attorney Fees

White contends that this lawsuit is groundless, frivolous, and unreasonable, and that as a result, she is entitled to an award of attorney fees pursuant to Ind.Code 34–1–32–1(b) (1993). This statute states in pertinent part:

(b) In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if it finds that either party:

(1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;

(2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or,

(3) litigated the action in bad faith.

■ This court has established some guidelines for determining when a claim is frivolous, unreasonable or groundless for purposes of this statute. A claim or defense is frivolous if:

. . . it is taken primarily for the purpose of harassment, if the attorney is unable to make a good faith and rational argument on the merits of the action, or if the lawyer is unable to support the action taken by a good faith and rational argument for an extension, modification, or reversal of existing law.

*Elbert v. Elbert* (1991), Ind.App., 579 N.E.2d 102, 114. In determining whether a claim is unreasonable, this court looks to the totality of the circumstances, including the law and facts ascertainable at the time of filing. If after this inquiry the court finds no reasonable attorney would consider the claim worthy of litigation, the claim is unreasonable. *General Collections, Inc. v. Decker* (1989), Ind.App., 545 N.E.2d 18, 20.

■ We conclude that under the above definitions, this case presents exactly the frivolous and unreasonable claim the legislature intended to deter when it enacted I.C. 34–1–32–1(b). At the time of trial, the following facts were ascertainable. James had previously removed his and his mother's belongings from the former marital residence. Although McDonald had ample time to do so, she did not attempt to retrieve the disputed items from White, leading to the conclusion that she had relinquished their ownership and rendering any civil conversion claim untenable. Substantial animosity existed between White, James and McDonald, to the extent that McDonald had paid attorneys in excess of $40,000.00 to pursue various lawsuits against White and her current husband. These circumstances give rise to the inference that McDonald instigated this lawsuit to harass her former daughter-in-law.

It is also important to note that McDonald presented no rational argument for an extension or modification of existing law, nor was her claim otherwise novel. She relied on precedent that was clearly distinguishable. In addition, the only direct evidence presented at trial of the disputed items' value was their selling price, totalling four dollars. McDonald presented only her opinion testimony of what she believed the items might be worth on the antique market, mere speculation in light of the fact that the items had been in White's attic for several years and McDonald could not evaluate their condition. McDonald presented no alternative theories of valuation, such as sentimental value.

We conclude that given the time and cost involved in litigation, no reasonable attorney presented with these facts would consider a baseless civil conversion claim with four dollars in provable damages worthy of a sub-

stantial trial and two subsequent appeals. Although we must be careful not to discourage parties from pursuing their "day in court", we must keep in mind Chief Justice Shepard's admonition:

> The parties who appear in our courts do so on equal footing. For every citizen who files a frivolous pleading, there is a citizen who must spend money to respond. The threshold for frivolity should not be so low that it imposes a tax on responding parties, obligating them to spend money answering baseless claims as a way of encouraging others to be novel.

*Orr v. Turco Manufacturing Company, Inc.* (1987), Ind., 512 N.E.2d 151, 154, (Shepard, C.J. concurring in result). Quoting the American Bar Association's Commission on Professionalism, Chief Justice Shepard went on to observe, " 'It does not inexorably follow that a citizen's "day in court" should include the ability to tax the limited resources of every stage of the judicial process.' " *Id.*

Because the record is replete with evidence of frivolity, and devoid of any evidence that McDonald's claim is reasonable in light of the totality of the circumstances, we conclude that White is entitled to recover attorney fees.

Affirmed as to judgment and remanded for a determination of attorney fees consistent with this opinion.

GARRARD, J., concurs.

SULLIVAN, J., concurs in part and dissents in part and files separate opinion.

SULLIVAN, J., concurring in part and dissenting in part.

This replevin action contained allegations of conversion. The relief requested by White was the return of the three items; she sought treble damages only as an alternative remedy.

To be sure, the action could just as easily have sounded in conversion, particularly in light of the knowledge that the items could not have been returned because they had been sold at a garage sale. In the context of a conversion claim, therefore, I agree with the majority's basic assessment that the evidence supports the trial court's findings and that the findings support the judgment. Accordingly, I too concur in the judgment in favor of the defendant White.

However, I cannot concur in the majority's conclusion that the suit was and is entirely groundless, frivolous, and unreasonable, thereby giving rise to a claim for attorney fees. I therefore dissent from that portion of the majority opinion dealing with attorney fees.

The majority places a degree of significance in its conclusion that McDonald not only lost at the trial level but has prosecuted "two subsequent appeals." Op. at 525. This categorization is misleading. As noted by the majority in footnote one, this "second" appeal was necessary because the findings made by the trial court were inadequate for appellate review. The remand by Memorandum Decision in March, 1993 was premised solely upon that inadequacy. The current appeal is the first opportunity which McDonald has had to challenge the merits of the trial court's determination.

The majority also castigates McDonald for making claim for property having only junk value. This aspect of the determination that the claim was groundless is necessarily premised upon a view that the only evidence of value was the four dollar amount received at the garage sale. It totally ignores the well established principle that an owner of property may give his or her opinion as to the value of that property and such opinion is credible evidence of value entitled to be given some weight. *Carpetland U.S.A. v. Payne* (1989) 1st Dist., Ind.App., 536 N.E.2d 306; *Don Medow Motors, Inc. v. Grauman* (1983) 3d Dist., Ind.App., 446 N.E.2d 651. I agree that the trial court was not compelled to accept McDonald's value assessment, but the $645 valuation was appropriately in evidence and belies the majority's view that the suit was totally frivolous.

More importantly, however, the majority decision in this regard presupposes that McDonald had either abandoned the property or by waiver, estoppel, or laches had somehow relinquished her entitlement to the items. The evidence was clear that the items were

stored in White's attic for safe-keeping as a favor to McDonald. I find no evidence which would lead to the conclusion that McDonald gave up her right to the property, or that White was, as a matter of law, entitled to the items as against the true owner. It may well have been that White was entitled to believe that her husband, in leaving the items behind when he left the family residence, abandoned any interest he might have had in the property. That belief, however, would not bind McDonald.

A dissolution court may only distribute assets in which the parties to the dissolution have an interest. Property belonging to third parties is not subject to distribution. *Schueneman v. Schueneman* (1992) 4th Dist., Ind.App., 591 N.E.2d 603. McDonald as a third party was not required to intervene in the dissolution action in order to make claim to property to which she asserted ownership.

For the reasons stated, I would affirm the judgment but would deny White's claim for attorney fees.