ALLEN A. EVANS, AS NEXT FRIEND OF ROBERT A. EVANS AND ALLAN A. EVANS *v.* PAULINE N. BREEDEN.

[No. 1-774A106. Filed June 23, 1975. Rehearing denied June 29, 1975.]

*Joseph F. Quill,* of Indianapolis, *Melville E. Watson,* of Greenfield, *John G. McNutt,* of Indianapolis, for appellants.

*Howard J. DeTrude, Jr., John N. Thompson, Kightlinger, Young, Gray & DeTrude,* of counsel, of Indianapolis, *Stephen Free, Ging, Free & Brand,* of counsel, of Greenfield, for appellee.

ROBERTSON, C.J.—Plaintiff-appellant, Evans, appeals from a negative judgment rendered in his suit for damages against defendant-appellee, Breeden, arising out of an intersectional collision.

The issues raised upon appeal concern the collateral source rule, instructions to the jury, and whether the judgment is contrary to law.

Finding no reversible error, we affirm.

The case arose out of an intersectional collision between Robert Evans and Pauline Breeden which occurred at the intersection of East Washington Street and Irvington Plaza Shopping Center in Indianapolis. A review of the facts most favorable to the judgment reveals that Evans was proceeding east on Washington Street upon his motorcycle and Breeden was heading north from the shopping center parking lot in her automobile. Although the posted speed limit was 35 m.p.h., Evans was proceeding at 40 m.p.h. He saw the light change but decided he could not stop and attempted to drive on through the intersection. Mrs. Breeden, after stopping at the light, saw it turn green and started into the intersection. Upon seeing Evans she stopped immediately but her car was struck by Evans on the right front. The collision resulted in bodily injuries to Evans that required surgery and hospitalization.

Evans's father brought suit against Breeden, alleging that his son's injuries were caused by Breeden's negligence. The jury returned a verdict in favor of Breeden and the court rendered judgment accordingly. Evans brings this appeal.

The facts pertinent to this issue are as follows:

Prior to trial, Evans filed a motion *in limine,* seeking to prevent any reference at trial to the fact that insurance proceeds had paid part of the medical expenses resulting from the collision. The trial judge granted the motion, but advised the parties that the motion could be relaxed during trial if circumstances warranted.

On direct examination Evans's father testified that he had "caused to be paid" certain medical bills incurred during his son's treatment and then introduced twelve checks, totalling $358.00, drawn on his personal checking account and made out to the hospital.

Out of the presence of the jury, Breeden's counsel asked that the motion *in limine* be relaxed to allow him to remove the false impression left by the father's testimony that the medical bills had been paid out of the family savings. The court granted the request.

It was then established on cross-examination, over Evans's objection, that a portion of the medical bills were paid by insurance.

On appeal, Evans contends that the trial court erred in permitting the cross-examination of Evans's father to extend to the subject of benefits from a collateral source.

The collateral source rule is stated as follows:

"Compensation for the loss received by plaintiff from a collateral source, independent of the wrongdoer, as from insurance, cannot be set up by the wrongdoer in mitigation of damages." 9 I.L.E. Damages § 86, p. 253—Insurance or other Collateral Compensation.

The rule has been generally followed in Indiana. *Power* v. *Ellis* (1952), 231 Ind. 273, 108 N.E.2d 132; *Cox* v. *Winklepleck* (1971), 149 Ind. App. 319, 271 N.E.2d 737.

It is held that admission of evidence of benefits from a collateral source tends to prejudice the jury and influence their verdict, not only as to damages, but also as to liability. *Brindle* v. *Harter* (1965), 138 Ind. App. 692, 211 N.E.2d 513.

However, it is not every violation of the strict language of the collateral source rule that constitutes reversible error. It is well-established that error in the admission or exclusion of testimony on cross-examination will not be grounds for reversal unless the complaining party is actually prejudiced thereby. *Jameson* v. *McCaffry* (1973), 157 Ind. App. 480, 300 N.E.2d 889.

As stated in *Brindle* v. *Harter* (1965), 138 Ind. App. 692, 211 N.E.2d 513:

". . . there must appear the possibility that in view of all evidence presented the erroneously admitted evidence could have affected the final verdict." 138 Ind. App. at 699, 211 N.E.2d at 517.

In the present case, we are inclined to believe that the admission of insurance benefits was erroneous. However, in

view of the evidence as a whole, we are not convinced that Evans was actually harmed by the admission of the testimony such that the evidence could have affected the final verdict.

The error, if any, in the cross-examination of Evans's father was harmless error. Ind. Rules of Procedure, Trial Rule 61.

Evans next contends that the trial court erred in giving an instruction tendered by Breeden which read as follows:

"If you find that Robert A. Evans exceeded, without justification, the posted speed limit of 35 miles per hour in the operation of his motorcycle, at the time of and immediately preceding the accident in question, this would constitute negligence on the part of Robert A. Evans."

Evans argues that the instruction was an erroneous statement of the law in that it directed that any speed in excess of the posted speed limit would constitute negligence whereas only an unreasonable or imprudent speed under the circumstances would properly constitute negligence. He also adds that the instruction failed to state that the excess speed must contribute in some manner to a plaintiff's injuries before it would legally bar his recovery.

Instructions must be read as a whole. No single instruction must contain all the law application to a given case. *LaNoux* v. *Hagar* (1974), 159 Ind. App. 646, 308 N.E.2d 873.

Other instructions informed the jury that only unreasonable and imprudent conduct constituted negligence and that such negligence must be the proximate cause of the injuries complained of.

The trial court did not err in giving the instruction.

Evans next contends that the court erred in refusing to give his tendered instructions numbers 3, 9, and 10.

Plaintiff's Instruction No. 3 read as follows:

"A driver of an automobile is required to look for approaching vehicles upon the highway and is required to perform that duty attentively. The duty is not performed by merely glancing in an absent-minded or careless manner.

One must see what is before his eyes to be seen. If the defendant looked and did not see the motorcycle being operated by Robert A. Evans on and along East Washington Street, before her eyes to be seen, then she was negligent. The test in such cases, and in this case, is what persons of ordinary prudence do under the same or similar circumstances."

The legal principle contained in the instruction is the duty of ordinary care. Since this duty was covered by several other instructions given by the court, it was not reversible error to refuse to give the additional instruction offered by Evans. *Hitch* v. *State* (1972), 259 Ind. 1, 284 N.E.2d 783; *Sargeant* v. *State* (1970), 255 Ind. 252, 263 N.E.2d 525.

Moreover, the contents of the instruction are argumentative. It is not error to refuse an argumentative instruction. *Allman* v. *Malsbury* (1946), 224 Ind. 177, 65 N.E.2d 106.

The court did not err in refusing this instruction.

Plaintiff's Instruction No. 9 read as follows:

"One who operates an automobile upon a public highway is bound to observe the highway in front of him so as to discover other vehicles or pedestrians thereon, and avoid colliding therewith, and to keep his automobile under such control that he may readily operate or stop same to avoid a collision and possible injury to other persons. He is bound to see what he could have seen if he had exercised due care under the circumstances and if, in this case you find the defendant could have seen the plaintiff, Robert A. Evans, with whom she collided, in time to have so operated her automobile or to have stopped the same in time to have avoided a collision with the Plaintiff by the exercise of due care and caution required by the circumstances, and you also find that she did so collide with the said Plaintiff, then she was negligent in so operating her automobile as to cause such collision, and the Plaintiff was not guilty of contributory negligence, your verdict should be for the Plaintiff."

The instruction is basically another statement of the duty of ordinary care. Since that subject was adequately covered by other instructions, refusal to give Plaintiff's Instruction No. 9 is not error.

Plaintiff's Instruction No. 10 read as follows:

"In order for the Plaintiff to recover it is not necessary that the precise injury to the Plaintiff ought reasonably to have been foreseen; it is sufficient that an injury of some kind to some person could reasonably have been expected to result from the conduct of the defendant. When it has been determined by an application of this principle that there has been a failure to use care by the party or parties, it is unimportant whether the particular injury which actually occurred, if you find that any did occur, could have been reasonably expected to happen in the particular manner in which it did occur. In such cases the law imposes liability for all injurious consequences which result directly and proximately from the negligence, if any, whatever they are, regardless of whether they might or might not have been reasonably foreseen."

Plaintiff's Instruction No. 6, given by the court, covered the law of proximate cause. Since that legal principal was covered by an instruction given, the refusal to give an additional instruction on the same subject was not error.

Evans finally contends that the negative judgment is contrary to law.

In reviewing this contention, we are not at liberty to weigh the evidence. It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law. *Pokraka* v. *Lummus Co.* (1951), 230 Ind. 523, 104 N.E.2d 669.

The record in the instant case shows that Evans was travelling in excess of the speed limit, saw the light change, but decided to continue through the intersection. Breeden testified that she stopped at the red light and proceeded into the intersection after the light had turned green.

This evidence does not lead unerringly to but one conclusion that Breeden's negligence was the cause of Evans's injuries. The judgment is not contrary to law.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 330 N.E.2d 116.