**Bennie L. ALDRIDGE, Appellant (Plaintiff Below),**

v.

**ABRAM & HAWKINS EXCAVATING CO., INC., Appellee (Defendant Below).**

**No. 4–583A151.**

Court of Appeals of Indiana, Fourth District.

Feb. 12, 1985.

Rehearing Denied March 22, 1985.

James L. Crawford, Sacopulos, Crawford & Johnson, Terre Haute, for appellee.

George N. Craig, Jeffrey A. Boyll, Craig & Craig, Brazil, Mann, Chaney, Johnson & Goodwin, Terre Haute, for appellant.

CONOVER, Judge.

Appellant Bennie L. Aldridge (Aldridge) appeals a jury verdict in favor of appellee Abram & Hawkins Excavating Co., Inc. (Abram & Hawkins) in an action arising from personal injuries he suffered in a work-related accident.

We affirm.

ISSUES

Aldridge presents one issue, which we have restated, for our review:

Did the trial court err by allowing Abram & Hawkins to introduce evidence of workmen's compensation Aldridge received for injuries suffered in a previous accident while working for the same employer?

FACTS

In December 1978 Aldridge worked for the Sullivan County Highway Department, spreading gravel on county roads. His job duties involved driving a dump truck to the Abram & Hawkins gravel pit, waiting while Abrams & Hawkins employees loaded washed gravel into his truck with a payloader, and then proceeding to the county roads where he used a hoist to lift the dump body while driving along to spread the gravel on the road surfaces. Chunks of frozen gravel often became caught in the tailgate of the truck. Aldridge would have to dislodge them. There are several methods of dislodging frozen gravel: (a) breaking it into smaller chunks, (b) lifting it out of the bed, (c) opening the gate fully and dumping the entire chunk, (d) using a payloader, and (e) parking the truck inside to allow the gravel to thaw.

On December 12 a large chunk of frozen gravel became lodged in the tailgate of Aldridge's truck. Having no tools to break up the chunk, he tried to lift the entire chunk out of the truck. Aldridge estimated the chunk was three feet by two feet by eighteen inches. According to other testimony, that much gravel would have weighed approximately 945 pounds. As he attempted to lift the frozen gravel from his truck, Aldridge suffered a back injury, the basis for this suit. After suffering the injury Aldridge backed his truck against a bridge to loosen his tailgate chains, then used the truck hoist to dump the chunk at the side of the road.

In 1976 Aldridge suffered a previous back injury while working for the Department. This accident resulted in an injury similar to the injury here at issue. At trial, Abrams & Hawkins introduced evidence of Aldridge's previous injury, and evidence the injury still bothers him. Abrams & Hawkins also sought to introduce evidence of the total amount Aldridge received as workmen's compensation for the previous injury as evidence of the extent of that injury. After a hearing outside the presence of the jury, the trial judge admitted evidence of the amount paid as workmen's compensation benefits for the previous injury, but prohibited any such evidence as to the present injury.

At the close of all evidence the jury entered a verdict in favor of Abrams & Hawkins.

DISCUSSION AND DECISION

Aldridge contends the admission of evidence relating to the workmen's compensation claim for the prior accident put the jury on notice he could claim workmen's compensation for the present injury. Thus, he opines, Abrams & Hawkins violated the collateral source rule, such violation prejudiced him, and he is entitled to reversal. We disagree.

Aldridge correctly posits the collateral source rule in Indiana states compensation for the loss received by plaintiff from a collateral source, independent of the wrongdoer, as from insurance, cannot be set up by the wrongdoer in mitigation of damages. *Evans v. Breeden* (1975), 164 Ind.App. 558, 561, 330 N.E.2d 116, 118; 9 *I.L.E. Damages* § 86. Evidence of benefits from a collateral source tends to prejudice

the jury and influence its verdict not only as to damages but also as to liability. *Evans,* 164 Ind.App. at 561, 330 N.E.2d at 118; *Brindle v. Harter* (1965), 138 Ind. App. 692, 700, 211 N.E.2d 513, 518.

Were we to assume, arguendo, however, the collateral source rule was violated by the admission into evidence of the amount of workmen's compensation paid for the prior injury, the decision of the trial court still must be affirmed.

Every violation of the collateral source rule does not constitute reversible error. The complaining party must show the erroneously admitted evidence could have affected the final verdict. *Evans, supra,* 164 Ind.App. at 561, 330 N.E.2d at 118; *Brindle, supra,* 138 Ind.App. at 699, 211 N.E.2d at 517. In this case, viewing the evidence as a whole, we conclude the introduction of the amount of workmen's compensation benefits paid for the prior injury, even if error, was harmless.

The record reveals the references to workmen's compensation which Aldridge complains of appear in a deposition of Aldridge which Abrams & Hawkins read into evidence. These references consist of only ten questions of more than 560 read into evidence and each referred specifically to previous injuries. There was no direct evidence or insinuation at trial the injury which was the basis for this suit qualified for workmen's compensation benefits, or Aldridge had received workmen's compensation for this injury. The mere chance the jury might deduce the present injury was likewise compensable is too speculative to warrant reversal. Where the appellant fails to show actual prejudice to his cause there are no grounds for reversal. *United Farm Bureau Mutual Insurance Co. v. Blanton* (1983), Ind.App., 457 N.E.2d 609, 613; *City of Indianapolis v. Ervin* (1980), Ind.App., 405 N.E.2d 55, 62.

Affirmed.

MILLER, P.J., and YOUNG, J., concur.