SUMMIT BANK as Personal Representative of the Estate of Leona C. Case, deceased, Appellant–Plaintiff Below,

v.

Sally QUAKE, Appellee–Defendant Below.

No. 02A03–9305–CV–162.

Court of Appeals of Indiana,
Third District.

March 23, 1994.

Trina Glusenkamp Gould, Helmke, Beams, Boyer & Wagner, Fort Wayne, for appellant.

John B. Powell, Shambaugh, Kast, Beck & Williams, Fort Wayne, for appellee.

STATON, Judge.

The personal representative of the estate of Leona Case, Summit Bank, appeals the trial court's judgment in favor of Sally Quake. Summit Bank raises four issues for our review which we consolidate into two and restate as follows:

I.  Whether the trial court erred in failing to find that the facts in the present cause gave rise to a presumption of undue influence.

II. Whether Quake was an incompetent witness pursuant to IND.CODE 34–1–14–6 ("the Dead Man's Statute").[1]

We affirm.

Leona Case died testate on May 18, 1989, and was survived by her husband and four children. Her last will and testament was executed in 1975 and provided in pertinent part:

> I give, devise and bequeath all of the rest, residue and remainder of my property, of every kind and character, and wheresoever situated, to my children, share and share alike....
>
> If at the time of my death there exists monies or other funds on deposit with any bank or other financial institution which is held by me and any of my children as joint tenants with the right of survivorship, and which passes to said child or children by operation of law, and not under the provisions of this Will, then said amount of

---

1.  Inasmuch as we affirm the judgment in favor of Quake, we need not address the following issue raised by Quake on cross-appeal: whether application of the Dead Man's Statute in the present cause violates her right to due process.

money or funds shall be considered as having passed to said child or children under the terms of this Will and shall be off set against the value of any property which would have passed to said child or children under this Will in order to treat each child equally in the distribution of the residue of my Estate and all monies or funds which I had at the time of my death on deposit with any bank or other financial institution.

Record, p. 207.

In 1981, Case opened a savings account and added the name of her daughter, Sally Quake ("Quake"), as a joint tenant thereof with rights of survivorship. On October 21, 1981, Case executed a power of attorney appointing Quake as her attorney in fact. Additional joint savings accounts were opened by either Case or Quake over the next several years with funds furnished solely by Case.

When the joint savings accounts reached balances of approximately $10,000.00, Quake caused them to be rolled over into certificates of deposit in which she and Case were named as joint tenants with rights of survivorship. Quake also rolled certain joint certificates of deposit and money market accounts into new certificates of deposit. In rolling over these funds, Quake did not change the names of the joint tenants on the accounts. As noted by the trial court in its findings of fact, "[t]here was no evidence that [Quake] at any time transferred any monies from an account registered solely in the name of Leona C. Case to a joint account titled in the name of Leona C. Case and/or [Quake]." Record, p. 186.

At the time of Case's death, Quake had been added as a joint tenant on all of Case's bank accounts and certificates of deposit. Upon being appointed personal representative of Case's estate, Summit Bank filed this action seeking the establishment of a constructive trust over the joint bank accounts and certificates of deposit. The trial court entered findings of fact and conclusions of law pursuant to Quake's request under Indiana Trial Rule 52(A), and entered judgment in favor of Quake. This appeal ensued.

When a party has requested specific findings of fact and conclusions thereon pursuant to Ind.Trial Rule 52(A), the reviewing court cannot affirm the judgment on any legal basis; rather, this Court must determine whether the trial court's findings are sufficient to support the judgment. *Vanderburgh County Board of Commissioners v. Rittenhouse* (1991), Ind.App., 575 N.E.2d 663, 665, *trans. denied*. In reviewing the judgment, we must first determine whether the evidence supports the findings and second, whether the findings support the judgment. *Id.* The judgment will be reversed only when clearly erroneous, i.e., when the judgment is unsupported by the findings of fact and conclusions entered on the findings. *DeHaan v. DeHaan* (1991), Ind.App., 572 N.E.2d 1315, 1320, *trans. denied*. Findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences from the evidence to support them. *Id.* To determine whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibility. *Id.*

## I.

### Undue Influence

Summit Bank contends the trial court erred in refusing to impose a constructive trust on the joint bank accounts and certificates of deposit because they were the result of the exertion of undue influence. Where a plaintiff establishes (1) the existence of a confidential relationship and (2) that the dominant party received an advantage from a transaction between the two parties, the law imposes a presumption that the transaction resulted from the exertion of undue influence by the dominant party. *Matter of the Estate of Neu* (1992), Ind.App., 588 N.E.2d 567, 571. The burden then shifts to the dominant party to demonstrate that the transaction was at arms length and thus valid. *Id.* at 571.

Here, the existence of a confidential relationship is not disputed. Rather, Quake contends a presumption of undue influence is improper because Summit Bank has not established that Quake received an advantage

as a result of her dealings with Case. We agree. As noted by the trial court, Quake derived no advantage from the rolling over of the various accounts into certificates of deposit. Too, the opening of the joint bank accounts was not a transaction between Quake and Case. *See In re Estate of Fanning* (1975), Ind., 333 N.E.2d 80 and *Robison v. Fickle* (1976), Ind.App., 340 N.E.2d 824, *trans. denied* (certificates of deposit and joint bank accounts with rights of survivorship are third-party beneficiary contracts between the donor and the bank).

Our result today is consistent with IND. CODE 32–4–1.5–4(a) (1993) which provides in pertinent part that,

> [s]ums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent unless there is clear and convincing evidence of a different intention at the time the account is created.

Because Case's last will and testament was executed several years before the first joint bank account was opened, it does not constitute evidence of a different intent *at the time the accounts were created.* The trial court was correct in finding that the facts in the present cause do not give rise to a presumption of undue influence.

## II.

### Dead Man's Statute

■ Next, Summit Bank argues the trial court erred in allowing Quake to testify in light of the Dead Man's Statute, which states in pertinent part that:

> In suits or proceedings in which an executor or administrator is a party, involving matters which occurred during a lifetime of the decedent, where a judgment or allowance may be made or rendered for or against the estate represented by such executor or administrator; any person who is a necessary party to the issue or record, whose interest is adverse to such estate, shall not be a competent witness as to such matters against such estate. . . .

IND.CODE 34–1–14–6 (1993).

Prior to the direct examination of Quake, the trial court ruled that it would permit Quake to testify about matters occurring after the death of Case and about transactions occurring outside the presence of Case. The plain language of the Dead Man's Statute precludes testimony only about matters occurring during the lifetime of decedent.[2] Thus, Quake was competent to testify about matters occurring after Case's death.

■ Admittedly, Quake's testimony about transactions she conducted outside the presence of Case, but during Case's lifetime, falls within the purview of the Dead Man's Statute. However, Summit Bank fails to allege how it was prejudiced by the admission thereof. A review of the record reveals that Quake basically testified as to facts that were already established by other evidence. Rulings regarding the admissibility of evidence do not constitute reversible error where an appellant fails to demonstrate any prejudice therefrom. *Aldridge v. Abram & Hawkins Excavating Co.* (1985), Ind.App., 474 N.E.2d 107, 109, *trans. denied.*

Affirmed.

HOFFMAN and BAKER, JJ., concur.

---

2. *See also Matter of Estate of Neu, supra,* at 569–70.