Teresa A. JOHNSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 582 S 171.

Supreme Court of Indiana.

Nov. 17, 1983.

Rehearing Denied Jan. 17, 1984.

Matthew F. Purol, Greenfield, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Teresa A. Johnson was found guilty by the Marion Superior Court of two counts of class A felony attempted murder. She subsequently was sentenced to concurrent terms of thirty years imprisonment for each conviction. Appellant now directly appeals and raises the following six issues for our review:

1. accepting Appellant's waiver of trial by jury;
2. overruling Appellant's Motion to Quash;
3. sufficiency of the evidence;
4. failure to entertain Appellant's intoxication defense;
5. sentencing on separate counts; and
6. sentencing to manifestly unreasonable terms of imprisonment.

The facts show that the instant crimes occurred between 2:30 and 3:30 p.m. on July 16, 1981. Jackie Gordon and Sherry Sherrod, both approximately eighteen years of age, had left Sherry's place of employment and were enroute to a health spa. While driving along 37th Street in Indianapolis, they observed a white Monte Carlo automobile in front of them being driven by Appellant. Said automobile was also occupied by Appellant's brother and young son. Appellant slowed down and speeded up several times before finally stopping at an intersection where she remained for several minutes. Jackie got out of her car and walked to Appellant's car to determine if she needed assistance. Appellant's brother replied to Jackie's inquiry saying: "Dumb nigger can't you understand English?" Appellant thereupon stepped out of her car and walked towards Jackie's car where she used foul language and made racial slurs against the two women before ordering them to leave. As Jackie attempted to get back into her car, Appellant shoved her thereby precipitating a fight. Appellant's brother yelled racial slurs at the women as they fought with Appellant. Appellant eventually returned to her car which she turned around and drove by the women to shout more insults at them. Sue Clemens, a nearby resident, witnessed the fight and telephoned the police. Sherry had written down the license number of Appellant's automobile which she gave to the police. The police advised the women to file charges at the prosecutor's office.

Since Jackie's keys had been lost in the melee, Jackie and Sherry began searching the area near Jackie's car for them. Appellant again approached in her automobile. Jackie testified that Appellant had a mean look on her face and was postured close to the steering wheel. Appellant sped up and drove her car at Jackie knocking Jackie

against a fire hydrant and flattening a mailbox. After Appellant struck Jackie, she turned her car towards Sherry and proceeded to hit her. Jackie suffered deep lacerations which totally severed the nerves in her right leg. Jackie's leg subsequently was amputated above the knee. Sherry sustained internal injuries including liver damage and vision problems. Later that afternoon, Appellant stopped at a house located at 38th and Franklin and asked if she could call a tow truck. She would not explain her accident. After the police were called, she left. Appellant then went to a service station and requested help with her flat tire. The police finally arrested Appellant at the gas station. Appellant claims that she and her brother had been drinking alcohol and taking drugs on the day in question and that she was intoxicated and did not know what she was doing. Appellant maintains that she unintentionally drove into the women as her automobile went out of control.

### I

Appellant claims that the trial court erred by accepting her waiver of a jury trial. She specifically claims that the Record does not show that she knowingly, intelligently and voluntarily waived her right to trial by jury. The Record, however, shows that Appellant filed a written waiver of jury trial. It further shows that Appellant was questioned by the trial judge in open court about her waiver. The trial judge explained to Appellant the rights she would have with a jury deciding her case and how a jury trial compares to a bench trial. Appellant thereafter told the trial judge in open court that she did not desire a jury trial and was willing to be tried by the court.

■ This Court previously has affirmed a bench trial conviction obtained after a defendant waived in writing his jury trial right. *Rodgers v. State,* (1981) Ind., 415 N.E.2d 57. Appellant now relies on *Good v. State,* (1977) 267 Ind. 29, 366 N.E.2d 1169, *reh. denied,* and *Cunningham v. State,* (1982) Ind.App., 433 N.E.2d 405, to support

her argument that her waiver of a jury trial was improperly accepted. Appellant's reliance is misplaced, however, since our reversals in *Good* and *Cunningham* were predicated on the fact that the Records in *Good* and *Cunningham* were devoid of any personal waiver by those defendants, either in court or in writing. Since Appellant's waiver was made both in writing and in open court after instruction by the court, the trial court properly accepted it. The trial court properly found that Appellant waived her right to a jury trial.

### II

■ Appellant next claims that the trial court erred by denying her Motion to Quash the Information. Appellant was charged with two counts of attempted murder pursuant to Ind.Code §§ 35–41–5–1 and 35–42–1–1 (Burns 1979). The Information was filed on July 17, 1981. It charged that Appellant "did knowingly and *unlawfully* Attempt to commit the crime of Murder" rather than using the language of the murder statute which is "knowingly or *intentionally*" (emphasis added). Appellant now argues that this was a fatal variance and that the Information therefore should have been quashed on her motion. The Record shows, however, that on July 28, 1981, Appellant appeared in court and waived arraignment, filed a written jury waiver and pleaded not guilty to the charges. Appellant's Motion to Quash was not filed until November 12, 1981. Ind.Code § 35–3.1–1–4(b) (Burns 1979) [repealed effective September 1, 1982] provides that when a motion to dismiss a criminal charge is based on the contention that the information does not state the offense with sufficient certainty or the facts stated do not constitute an offense, the motion may be summarily denied if the motion is made after arraignment and plea. Here the Motion was made subsequent to the plea and the trial court therefore properly denied it. Moreover, there is no merit to Appellant's contention that substitution of the word "unlawfully" for "intentionally" made the Information so vague and indefinite that the trial court

could not have known what felony degree would lie or what sentence to impose if Appellant pleaded guilty. As Appellant concedes, the Information cited the pertinent statutes and stated in its body that Appellant attempted to commit the crime of murder by use of a deadly weapon. The Information specifically alleged that Appellant had taken a substantial step towards the commission of murder and described the deadly weapon involved. There is no error on this issue.

### III

Appellant next contends that there was insufficient evidence of probative value to prove each element of attempted murder beyond a reasonable doubt. Appellant specifically claims that there was no evidence proving her intent to kill the two victims. Appellant concedes that an automobile can be a deadly weapon if used or intended to be used in a manner readily capable of causing serious bodily harm even though an automobile is not particularly defined as a deadly weapon in our criminal code. We agree. The pertinent statute states:

" 'Deadly weapon' means:

(1) A loaded or unloaded firearm; or
(2) A weapon, device, equipment, chemical substance, or other material that in the manner it is used, or could ordinarily be used, or is intended to be used, is readily capable of causing serious bodily injury."

Ind.Code § 35–41–1–2 (Burns 1979) [subsequently replaced by § 35–41–1–8 (Burns Supp.1983)]

Jackie and Sherry testified that in their first encounter with Appellant, she screamed racial slurs at them and attacked Jackie causing an altercation. Appellant later drove back at an accelerated rate of speed along a residential street to the spot where the women were searching for Jackie's lost keys. Appellant claims that she merely lost control of her car and did not intend to strike the women. The testimonies of the women, however, was in direct conflict. They testified that Appellant was able to drive around two cars and weave her way directly to them. During this second encounter, Appellant yelled at the women: "You're dead" and "I'm gonna get you." The two observed Appellant deliberately steer her car directly to Jackie with what they described as a "mean look" on her face. Appellant thereafter turned her car to go directly to Sherry and strike her. She then left the scene and fled. Appellant subsequently stopped at a nearby house to call a tow truck but would give no information to the residents of the house. When she later was apprehended at a service station but before the police were able to mention the instant criminal deeds, Appellant said to the officers: "I didn't hit those two girls."

The crime of attempt has two elements: acting with a specific intent to commit the substantive crime and taking a substantial step toward its commission. *Anthony v. State,* (1980) Ind., 409 N.E.2d 632; *Zickefoose v. State,* (1979) 270 Ind. 618, 388 N.E.2d 507. This Court has held that to prove the requisite intent for attempted murder, the State must prove the intent needed to support a murder charge. *Scott v. State,* (1980) Ind., 413 N.E.2d 902. This intent may be inferred from the use of a deadly weapon in a manner likely to cause death or great bodily harm. *Anthony, supra; Loyd v. State,* (1980) 272 Ind. 404, 398 N.E.2d 1260, *cert. denied* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105; *Wollam v. State,* (1978) 269 Ind. 286, 380 N.E.2d 82. The trier of fact may draw reasonable inferences from the direct or circumstantial evidence and a guilty verdict may be based upon circumstantial evidence alone. *Medsker v. State,* (1968) 249 Ind. 369, 232 N.E.2d 869. Since there was evidence of probative value in the instant case from which the trial court could find or infer that all of the elements of the charged crimes were proved beyond a reasonable doubt, Appellant's convictions will not be set aside. *Poindexter v. State,* (1978) 268 Ind. 167, 374 N.E.2d 509; *Henderson v. State,* (1976) 264 Ind. 334, 343 N.E.2d 776.

## IV

 Appellant claims that the trial court erred by not finding her innocent pursuant to her affirmative voluntary intoxication defense. Since attempted murder is a specific intent crime, the defense of voluntary intoxication was available to Appellant. *See Zickefoose, supra:* However, in order for Appellant to be relieved from responsibility for the charged crimes by reason of intoxication she must have been so intoxicated as to have been incapable of forming the required specific intent. *Greider v. State,* (1979) 270 Ind. 281, 385 N.E.2d 424, *reh. denied; Patterson v. State,* (1978) 267 Ind. 515, 371 N.E.2d 1309. Appellant's intoxication is a factual question to be decided by the trier of fact and Appellant bears the burden of proof. So long as Appellant was capable of conceiving a design, she will be presumed—in the absence of contrary proof—to have intended the natural consequences of her acts. *Greider, supra.* In this situation as with all issues involving sufficiency of the evidence on appeal, we will not reweigh the evidence nor judge the credibility of the witnesses. We will consider only that evidence most favorable to the State together with all reasonable and logical inferences drawn therefrom. When there is substantial evidence of probative value supporting the trial court's findings, the verdict will not be set aside. *Poindexter, supra; Grigsby v. State,* (1978) 267 Ind. 465, 371 N.E.2d 384; *Henderson, supra.*

Appellant testified that she had consumed a large volume of alcohol and drugs which encumbered her ability to form a specific intent. There was conflicting evidence on this issue, however, as witnesses who observed Appellant at the time of the incident testified that they did not smell alcohol on her and that her conduct did not indicate intoxication. This issue is a factual one to be determined by the trial judge and there was probative evidence justifying the conclusion reached. We find no error.

## V

 Appellant also contends that the trial court erred when it entered judgment and sentenced her to thirty years imprisonment on each of the two counts charged. Appellant was charged, tried and convicted in Count I of the attempted murder of Jackie Gordon and in Count II of the attempted murder of Sherry Sherrod. The test for determining whether or not separate sentences may be imposed upon multiple counts is whether the charged offenses are themselves the same and not whether they arose from the same criminal act or course of conduct. *Elmore v. State,* (1978) 269 Ind. 532, 382 N.E.2d 893; *Pruitt v. State,* (1978) 269 Ind. 559, 382 N.E.2d 150. Here Appellant was charged with attempted murder against two victims. Obviously the crime against one victim is separate and distinct from the crime against the other victim. This case involves two separate crimes committed against two separate victims and separate sentences were properly imposed for each crime. *Riley v. State,* (1982) Ind., 432 N.E.2d 15, *reh. denied.* There is no error on this issue.

## VI

 The trial court sentenced Appellant to the thirty year presumptive sentence on each of her attempted murder convictions. The sentences were ordered to be served concurrently. Appellant now claims that the composite thirty year term of imprisonment was manifestly unreasonable under the facts and circumstances here. Ind.R.App.Rev.Sen. II(1) provides that this Court will not adjust a sentence which is authorized by statute and which is not manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind.R.App.Rev.Sen. II(2) further provides that a sentence is not manifestly unreasonable if any reasonable person could find the sentence appropriate for the particular offense and offender. The instant trial court gave the presumptive sentence set by the Legislature and therefore had no obligation to explain its reasons. A trial court must explain its reasons for sentencing only when the sentence it imposes is enhanced or reduced due to certain aggra-

vating or mitigating circumstances. *Bish v. State,* (1981) Ind., 421 N.E.2d 608, *reh. denied.* The sentence imposed upon Appellant was authorized by statute as the presumptive sentence for a class A felony. There are no grounds presented to us to find that the sentence is manifestly unreasonable.

Finding no reversible error, we affirm the trial court in all things.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.