[No. B008282. Second Dist., Div. Six. Oct. 4, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD LEROY CLIFTON II, Defendant and Appellant.

COUNSEL

Samuel Jackson, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Robert R. Anderson and John R. Gorey, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**STONE, P. J.**—Donald Leroy Clifton II appeals from the judgment (order granting probation) entered after his negotiated plea of guilty to driving

while under the influence of alcohol and causing bodily injury. (Veh. Code, § 23153, subd. (a).) He contends: "I. The restitution fines should be stricken for they exceed the court's statutory authority. II. Appellant may challenge his sentence without having obtained a § 1237.5 certificate."

On May 3, 1984, at approximately 11:50 p.m. appellant was driving his car on the wrong side of a two-lane road, route 34 in Ventura County, when his car struck an oncoming vehicle driven by 56-year-old Raymond Seeler. Appellant was driving under the influence of alcohol, with approximately a .13 percent blood alcohol level, and subsequently pled guilty to a violation of Vehicle Code section 23153, subdivision (a). In the felony disposition statement which was executed prior to the plea, and during the plea itself, appellant acknowledged that he would be ordered to pay a fine of not less than $100 nor more than $10,000, pursuant to Government Code section 13967, and that he would pay a fine of not less than $390, pursuant to Vehicle Code section 23180.

Prior to appellant's sentencing hearing Mr. Seeler entered into a settlement with appellant's insurance carrier for $28,500, consisting of $3,500 for the loss of his vehicle and $25,000 for partial payment for other damages, which was the maximum coverage of appellant's insurance policy. Mr. Seeler did not have health insurance and continued to incur medical expenses related to the offense, at the time of the sentencing hearing on October 3, 1984. At that time Mr. Seeler's actual medical costs were over $17,000 and were expected to continue because further treatment was required.

The court granted appellant probation for five years on the condition, among others, that he spend 60 days in the county jail. The court also ordered appellant to pay restitution of $6,000 to the victim, payable at $100 per month to Mr. Seeler's account at the Ventura County General Hospital, to defray the cost of the ongoing medical expenses. The court further imposed a fine of $390, plus penalty assessment, and ordered a restitution fine of $5,000, payable to the State Restitution Fund. The court stayed the restitution fine pending payment of restitution to the victim and successful completion of probation.

■ Contrary to appellant's contentions, the $6,000 ordered for restitution to the victim was statutorily authorized. Section 28, subdivision (b) of article I of the California Constitution provides that "all persons who suffer losses as a result of criminal activity shall have the right to restitution . . . [which] shall be ordered from the convicted persons in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss, unless compelling or extraordinary reasons exist to the contrary."

In implementing this constitutional mandate, the Legislature enacted Penal Code section 1203.04 which requires a court, as a condition of a grant of probation, to order a defendant to pay restitution to a victim who has suffered losses as a result of the crime of which the defendant has been convicted. The statute defines restitution, in pertinent part, as "full or partial payment for . . . medical expenses." It further provides that restitution "collected pursuant to this section shall be credited to any other judgments obtained by the victim against the defendant arising out of the crime for which the defendant was convicted." (Pen. Code, § 1203.04, subd. (d).)

The restitution order of $6,000 to defray the costs of the victim's hospital bills was properly structured to reimburse the victim for medical expenses incurred as a result of appellant's offense. The fact that the victim may have settled with appellant's insurance carrier prior to the sentencing hearing is irrelevant to the trial court's power to order restitution. Appellant's prior decision to purchase automobile insurance merely minimized appellant's further financial liability, had the victim successfully pursued a civil action for damages. Moreover, while restitution collected pursuant to Penal Code section 1203.04 is to be credited, by the terms of the statute, to any civil judgment obtained by the victim, the statute does not conversely authorize credit from a civil settlement to the amount payable pursuant to a restitution order in a criminal case. The settlement, which may have released appellant and the insurance carrier from further civil liability, did not, in any event, constitute a civil "judgment" as contemplated in section 1203.04.[1] ██ Just as a restitution order pursuant to the criminal law is not a substitute for a civil action to recover damages (*People* v. *Richards* (1976) 17 Cal.3d 614, 621 [131 Cal.Rptr. 537, 552 P.2d 97]), a partial civil settlement is not a substitute for restitution in a criminal proceeding. Aside from compensating an individual for injuries suffered, restitution may also serve the salutary purposes of deterring future criminality and impressing upon a criminal offender that he must accept responsibility for his crime. (*Id.*, at p. 622; *People* v. *Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545].)

██ Finally, the $5,000 restitution fine, which the court ordered stayed pending the successful completion of probation, was statutorily authorized and was within the maximum of $10,000 permitted pursuant to Government Code section 13967. Penal Code section 1202.4 provides, in pertinent part, that, "In any case in which a defendant is convicted of a felony, the court

---

[1]We also note, as did the trial court, that the insurance settlement was not necessarily to compensate the victim solely for his medical expenses. As the trial court stated, "The $25,000 insurance policy that [appellant] had is a general liability policy and the payoff of the $25,000 was as and for all damages incurred: That includes loss of earnings, medical and pain and suffering."

shall order the defendant to pay a restitution fine as provided in subdivision (a) of section 13967 of the Government Code. Such restitution fine shall be in addition to any other penalty or fine imposed . . . [and shall not be waived unless] the court finds that there are compelling and extraordinary reasons . . . ."[2] Here, no "compelling or extraordinary reasons" (Pen. Code, § 1202.4, subd. (a)) existed which excused imposition of the restitution fine and appellant was not entitled to a credit or offset for the insurance settlement against the stayed restitution fine. In the unlikely event that appellant violates probation, he will be entitled to an offset against the fine for restitution paid, upon imposition of sentence. (Pen. Code, § 1202.4, subd. (c).)[3]

The judgment (order granting probation) is affirmed.

Gilbert, J., and Abbe, J., concurred.

---

[2]Section 13967 provides, in relevant part: "In setting the amount of the fine for felony convictions the court shall consider any relevant factors including, but not limited to, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, and the extent to which others suffered losses as a result of the crime. Such losses may include pecuniary losses to the victim or his or her dependents as well as intangible losses, such as psychological harm caused by the crime." (Gov. Code, § 13967, subd. (a).)

[3]Similarly, the Legislature's statutory scheme for restitution does not treat a wealthy defendant more favorably than appellant. To the contrary, the legislative scheme treats all offenders equally.