**David Monroe JENKINS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 185S9.

Supreme Court of Indiana.

Sept. 17, 1986.

Kenneth T. Roberts, Roberts & Purvis, Associates, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Judge.

Defendant David Monroe Jenkins was convicted of attempted murder[1] and sentenced to thirty (30) years imprisonment. This direct appeal asserts two issues: insufficiency of evidence and excessive sentence.

Defendant specifically urges that there was no evidence as to the *mens rea.* The necessary culpability for the offense of attempted murder may be either "knowingly" or "intentionally." *Santana v. State* (1986), Ind., 486 N.E.2d 1010. Ind.Code § 35–41–2–2 provides in pertinent part:

A. A person engages in conduct intentionally if, when he engages in the conduct, it is his conscious objective to do so;

B. A person engages in conduct knowingly if, when he engages in the conduct, he is aware of a high probability that he is doing so.

---

1. Ind.Code § 35–42–1–1, 35–41–5–1.

In attempt crimes, the prerequisite culpability applies to the crime attempted, not to the "substantial step" which constitutes the attempt. *Woodford v. State* (1986), Ind., 488 N.E.2d 1121.

Defendant argues that there was an absence of evidence showing that he "subjectively intended or desired to kill the victim." He urges that intent may not be inferred merely from the testimony describing the struggle which preceded the stabbing. To the contrary, the intent to commit murder may be inferred from the use of a deadly weapon in a manner likely to cause a death or great bodily harm. *Rhinehardt v. State* (1985), Ind., 477 N.E.2d 89; *Spivey v. State* (1982), Ind., 436 N.E.2d 61; *Johnson v. State* (1983), Ind., 455 N.E.2d 932; *Anthony v. State* (1980), 274 Ind. 206, 409 N.E.2d 632; *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the judgment, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd, supra.*

The supporting evidence included detailed testimony regarding the defendant's unprovoked infliction of multiple stabbings into the victim's chest, penetrating his heart and lungs. Witnesses observed a knife in the defendant's hand, and police recovered knives from defendant's person.

■ We find the evidence sufficient to enable the court to reasonably conclude that the requisite culpability, and defendant's guilt, were proven beyond a reasonable doubt.

Defendant's motion to correct errors claimed that the sentence imposed failed to apply mitigating circumstances. In this appeal, defendant's counsel expressly waives this issue expressing concern that if remanded, the defendant could receive a greater sentence. The thirty-year term imposed represented the presumptive sentence for attempted murder.

■ Notwithstanding the issue of waiver, we find the sentence proper. Under Rule 2 of the Indiana Rules for the Appellate Review of Sentences, this Court will not revise the sentence authorized by statute unless the sentence is manifestly unreasonable. A sentence will not be considered manifestly unreasonable unless no reasonable person could consider such sentence appropriate for the particular offense and offender. The consideration and application of mitigating circumstances is discretionary with the trial court. *Hicks v. State* (1985), Ind., 474 N.E.2d 987. In reviewing the manner in which the offense was committed, and the character of the offender as demonstrated in the pre-sentence report, we cannot conclude that no reasonable person could find the sentence to be appropriate.

Judgment affirmed.

GIVAN, C.J., and PIVARNIK and SHEPARD, JJ., concur.

DeBRULER, J., concurs in result.