**Barbara FINCH, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 82S00–8602–CR–138.

Supreme Court of Indiana.

July 29, 1987.

David M. Shaw, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Barbara Finch was convicted by jury of Murder on January 10, 1985. She was sentenced on February 1, 1985 to 40 years imprisonment. She directly appeals, raising three issues for our review: (1) final instructions regarding the burden of proof on the issue of sudden heat, (2) final instructions regarding the test used to determine if provocation was sufficient to cause sudden heat, and (3) sentencing.

The facts show that Barbara Finch had twice been married to and divorced from the victim, Henry Finch. On July 9, 1984, they were living together, in Evansville, with their children. That day, Barbara had left a sack containing a dead bird and a threatening note at the home of Henry's girlfriend, Beverly Mansfield. Later that day, Barbara argued by telephone with the girlfriend. After the argument, Barbara began drinking. She cut up Henry's clothes. She made a tape recording and wrote four letters to her children and friends announcing her intention to kill Henry because of his girlfriend, and then kill herself.

When Henry returned home that night, he and Barbara argued. Barbara killed Henry by shooting him at least eight times. She then attempted suicide through a drug overdose.

I.

Appellant first asserts the jury was improperly instructed regarding the burden of proof on the issue of sudden heat. She challenges the court's giving of final in-

structions 2 and 3, and the court's refusal of tendered instruction 5.

■ Final instruction 2 advises if the State fails to prove an essential element of murder, the jury should find Appellant not guilty of murder. The jury should then consider whether the State has proved the elements of the included crimes of murder. Appellant argues final instruction 2 is erroneous and misleading because a juror might believe once the State has proved all of the° elements of murder, the jury need not consider the lesser included offenses. However, any confusion the jury might have encountered as a result of final instruction 2 is clarified by final instruction 3.

■ Final instruction 3 defines the crime of voluntary manslaughter and explains the existence of sudden heat is a mitigating factor reducing murder to voluntary manslaughter. It advises if the jury finds the State proved all elements of murder plus finds the defendant killed while acting in sudden heat, they should find the defendant guilty of voluntary manslaughter. Appellant argues final instruction 3 erroneously implies the jury must affirmatively find sudden heat existed in order to return a verdict of guilty of voluntary manslaughter. This instruction is not erroneous as the existence of sudden heat is a mitigating factor which reduces what otherwise would be murder to voluntary manslaughter. *Palmer v. State* (1981), Ind., 425 N.E.2d 640, 644.

■ Appellant argues tendered instruction 5 would have correctly informed the jury that before they could find the defendant guilty of murder, the State must disprove the existence of sudden heat. This instruction was properly refused as it incorrectly states the law. *Askew v. State* (1982), 439 N.E.2d 1350, 1354. There is no implied element of the absence of sudden heat in the crime of murder. *Palmer*, 425 N.E.2d at 644.

■ While it is plainly the State's burden to prove the existence of each element of a crime by substantial evidence beyond a reasonable doubt, it is not the State's bur-

den to prove the existence of a mitigating factor, such as the presence of sudden heat. *Russell v. State* (1981), 275 Ind. 679, 684, 419 N.E.2d 973, 976. Rather, the defendant must prove the existence of sudden heat in order to reduce murder to voluntary manslaughter. *McCann v. State* (1984), Ind., 466 N.E.2d 421, 424; *Askew*, 439 N.E.2d at 1354. The introduction of the issue of sudden heat into the case places a burden on the State to negate the defense beyond a reasonable doubt and calls for an instruction on the lesser included offense of voluntary manslaughter. *Palmer*, 425 N.E.2d at 644. The trier of fact must then resolve the question of whether a defendant acted under sudden heat. *McCann*, 466 N.E.2d at 424.

Here, Appellant's statement revealed she argued on the telephone with Henry's girlfriend about 5:30 p.m. on the evening of July 9, 1984. Later, when Henry came home, he and Appellant argued about his girlfriend. Appellant then pulled out her gun and shot Henry at least eight times. The instructions on voluntary manslaughter correctly informed the jury of the burden of proof and, thus, no reversible error is presented here.·

## II.

■ Appellant next argues final instruction 11 sets forth an incorrect test to be used in determining the adequacy of provocation to cause sudden heat. Instruction 11 advises the test to be applied is not the subjective one of whether the provocation was sufficient to produce in the defendant such passion as to cause her to kill without intent to do so; rather it is the objective test of whether the provocation, if any, would have caused such state of mind in persons ordinarily constituted. Barbara maintains the correct test is set forth in *Van Orden v. State* (1984), Ind., 469 N.E.2d 1153, 1159–60, *cert. denied*, 471 U.S. 1104, 105 S.Ct. 2335, 85 L.Ed.2d 851. The *Van Orden* test was given, verbatim, in final instruction 10. She further argues the test set forth in instruction 11 is misleading to any lay person reading the instructions together. There is no merit to

this contention. If all of the instructions together state the law correctly and fully, they are not erroneous and will not be the basis of reversing the verdict. *Washburn v. State* (1986), Ind., 499 N.E.2d 264, 266.

### III.

Finally, Appellant alleges the Court erred in failing to give a reduced sentence. She was sentenced to the presumptive term of 40 years. The court found neither aggravating circumstances nor mitigating circumstances. However, the Court acknowledged Appellant had no prior criminal record and was unlikely to commit another crime.

Appellant here attempts to rebut the presumption that the sentencing judge properly considered the factors set forth in Ind. Code § 35–38–1–7(a) and properly imposed the presumptive sentence. She argues the presumption applies only when both aggravating and mitigating factors are present. She alleges only mitigating factors were present here. She maintains the legislature's intent is defeated when the presumption is applied in the absence of aggravating circumstances and in the presence of mitigating circumstances which must be considered.

■ The weight to be given mitigating circumstances, is a discretionary decision on the part of the sentencing court. *Arthur v. State* (1986), Ind., 499 N.E.2d 746, 748; *Mellott v. State* (1986), Ind., 496 N.E.2d 396, 398, *reh. granted,* 500 N.E.2d 173, (clarification of issue II). The sentencing judge need not articulate his reasons for not aggravating or mitigating the sentence when giving a presumptive sentence.

■ When a sentence is within the statutory limits, we are not at liberty to alter the sentence unless the record indicates a manifest abuse of discretion. *Arthur,* 499 N.E.2d at 748. The record shows here that Appellant killed Henry Finch by shooting him at least eight times. We do not find the forty year sentence imposed by the trial court manifestly unreasonable. The trial court did not abuse its discretion in sentencing Appellant.

The judgment of the trial court is affirmed.

DeBRULER, GIVAN and DICKSON, JJ., concur.

SHEPARD, C.J., not participating.