Phillip L. **DOSS**, Appellant (Defendant),

v.

**STATE of Indiana, Appellee (Plaintiff).**

**No. 49A02–8805–CR–195.**

Court of Appeals of Indiana,
Second District.

April 4, 1989.

Opinion on Rehearing, July 3, 1989.

BUCHANAN, Judge.

## CASE SUMMARY

Defendant-appellant Phillip L. Doss (Doss) appeals his convictions of operating a motor vehicle while intoxicated causing death,[1] and operating a motor vehicle while intoxicated causing serious bodily injury,[2] challenging the sufficiency of the evidence, contending the lower court erred in excluding certain evidence at trial, and that he was improperly sentenced.

We affirm.

## FACTS

The facts most favorable to the judgment reveal that on February 17, 1987, at about 5:00 p.m., Doss purchased a fifth of whiskey and began drinking it. At approximately 9:15 p.m., Doss was driving his white Cordoba eastbound on 79th Street in Indianapolis, and another motorist observed Doss weave and cross the center line several times. Various witnesses testified that they saw Doss fail to stop at a red traffic light at the intersection of 79th and Michigan Road, proceed into the intersection and collide with an MG Midget. The MG Midget contained two occupants, Bonnie J. Overpeck (Bonnie) the driver, and Amanda Overpeck (Amanda), her daughter. Bonnie and Amanda had been traveling southbound on Michigan Road and lawfully entered the intersection. The collision resulted in the death of Bonnie. Amanda was unconscious for three weeks, suffered a broken ankle and a broken jaw, and other injuries. When police arrived they observed that Doss slurred his speech and smelled strongly of alcohol. Doss was taken to St. Vincent's Hospital and a blood alcohol test revealed that Doss had a .29 percent blood alcohol level. Doss was arrested, and following a trial by court on September 29 and 30th, 1987, he was sentenced to 5 years for operating a vehicle while intoxicated causing death, and 3 years for operating a vehicle while intoxicated causing serious bodily injury, the sentences to run concurrently.

Aaron E. Haith, Choate Visher & Haith, Indianapolis, for appellant.

Ali A. Talib, Darden Talib & Bernstein, Indianapolis, for appellant on rehearing.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

1. Ind.Code 9-11-2-5.

2. IC 9-11-2-4.

ISSUES

1. Whether the evidence is sufficient to support the convictions?
2. Whether the trial court erred in excising a witness's statement from a police report entered into evidence?
3. Whether the trial court improperly sentenced Doss?

DECISION

ISSUE ONE—Was the evidence sufficient to support the convictions?

PARTIES' CONTENTIONS—Doss argues the evidence was insufficient to support the convictions. The State responds that it was sufficient.

CONCLUSION—The evidence was sufficient to support the convictions.

■ Under our standard of review, the evidence sufficiently supported the convictions. To establish the crime of operating a motor vehicle while intoxicated resulting in death the State must prove that: (1) defendant was driving while intoxicated and (2) his act of doing so resulted in the death of another person. *Rippy v. State* (1986), Ind.App., 493 N.E.2d 477 *trans. denied;* IC 9–11–2–5. To establish the crime of operating a motor vehicle while intoxicated resulting in serious bodily injury, the State must prove that the defendant was driving while intoxicated and that he caused serious bodily injury to another person. IC 9–11–2–4.

The evidence is clear that Doss was driving while intoxicated. He was seen to weave his car back and forth across the road. *Record* at 137. Doss's speech was slurred, he smelled of alcohol, and he had a blood alcohol level of .29 percent. *Record* at 206, 222, 223, 311. The evidence also shows that Doss illegally entered the intersection and struck Bonnie's automobile causing her death and causing Amanda's serious injuries. *Record* at 132, 160–165. The evidence overwhelmingly supports the convictions.

ISSUE TWO—Did the court err in excising a witness's statement from a police report entered into evidence?

PARTIES' CONTENTIONS—Doss argues that the statement was admissible and should not have been excised. The State responds that the issue is waived because the excluded evidence is not preserved in the record.

CONCLUSION—Any error is waived.

Doss's second allegation of error, that the trial court erred in excising a witness's statement from the police report, is not properly before this court. To preserve an exclusion issue, the refused evidence must be placed in the record as an excluded exhibit. *Lopez v. State* (1988), Ind., 527 N.E.2d 1119; *Doerner v. State* (1986), Ind., 500 N.E.2d 1178. If the refused evidence is not made part of the record, any alleged error is waived on appeal.

■ Even if the issue had been properly preserved, there was no reversible error. At trial, Doss sought to introduce a statement of a witness to the accident which was contained in the police report. The statement was not submitted to prove any fact stated therein, but merely to color the police officer's testimony. The existence of the statement, the fact it contradicted other statements in the report, and the officer's non-reliance on the statement were all before the court. After discussing its relevancy with the officer, the court concluded the statement was irrelevant and excised it from the report. *Record at 323–339.* While the evidence may have been admissible, its exclusion constitutes reversible error only if it is demonstrated that the error resulted in such prejudice that the appellant was denied a fair trial. *Lopez, supra.* Doss has not shown how he was harmed, nor has he shown any prejudicial impact. Therefore, any error in excising the statement from the police report does not warrant reversal.

ISSUE THREE—Did the court improperly sentence Doss?

PARTIES' CONTENTIONS—Doss argues that the court improperly considered aggravating circumstances when it sentenced him. The State counters that the sentence was not manifestly unreasonable.

CONCLUSION—Doss was properly sentenced.

■ When a trial court imposes the presumptive sentence, it is under no obligation to explain its reasons for doing so. *Finch*

*v. State* (1987), Ind., 510 N.E.2d 673. Doss was given the presumptive sentence for both charges. When Doss was sentenced, the trial court determined that there were mitigating and aggravating circumstances. At the hearing, the trial court observed, as an aggravating factor, that a lesser sentence would depreciate the seriousness of the offense. It also heard the testimony of many witnesses concerning Doss's employment record and exemplary lifestyle, and considered those as mitigating circumstances. *Record* at 717–722. We will only revise a sentence if the sentence imposed is manifestly unreasonable in light of the nature of the offense and the character of the offender. *Douglas v. State* (1985), Ind., 481 N.E.2d 107; Ind. Rules of Procedure, Appellate Review of Sentences Rule 2. A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed. A.R.S.R. 2. The trial court adequately stated its reasons for imposing the sentences Doss received, and we conclude that the sentences of five years and three years, to run concurrently, were not "manifestly unreasonable."

While Doss does not raise the issue, this court is aware that the recent cases of *Kelly v. State* (1988), Ind.App., 527 N.E.2d 1148, and *Spaulding v. State* (1989), Ind. App., 533 N.E.2d 597, suggest that double jeopardy considerations preclude sentencing *for both* operating a vehicle while intoxicated causing death and causing serious bodily injury.

In *Kelly,* this court examined IC 9–11–2–4 and IC 9–11–2–5 (operating a vehicle while intoxicated causing serious bodily injury, and death), and determined that our legislature intended *one* punishment for a violation of Ind.Code 9–11–2–2 (operating a vehicle while intoxicated) which results in multiple occurrences of serious bodily injury or death, and therefore, the federal double jeopardy protection prohibits two punishments arising from the same offense. *Kelly,* 527 N.E.2d at 1155.

The court in *Spaulding* followed *Kelly* and also relied on *Clem v. State* (1873), 42 Ind. 420, which determined that a defen-

dant who killed two people at the same time could only be convicted of one murder. It is apparent that *Clem* was impliedly overruled in *Johnson v. State* (1983), Ind., 455 N.E.2d 932 which decided that a defendant who attempted to kill two people at the same time was properly convicted of two counts of attempted murder. *Dupin v. State* (1988), Ind.App., 524 N.E.2d 329. *See also Henderson v. State* (1989), Ind., 534 N.E.2d 1105.

The relevant statutory provisions are:

"A person who operates a vehicle while intoxicated commits a class A misdemeanor."

IC 9–11–2–2.

A person who violates [IC 9–11–2–2] *commits* a class D felony if the crime results in serious bodily injury to another person."

IC 9–11–2–4. (Emphasis supplied).

A person who violates [IC 9–11–2–2] *commits* a class C felony if the crime results in the death of another person."

IC 9–11—2–5. (Emphasis supplied).

The construction of these statutes in *Kelly* focused on the reference in the statutes of "the crime" as being a violation of IC 9–11–2–2. This emphasis is misplaced. By the deliberate use of the word "commits" in the statute, it seems clear the legislature intended IC 9–11–2–4 and IC 9–11–2–5 to provide for the commission of offenses in addition to IC 9–11–2–2. Had the legislature intended to merely *enhance* the punishment of a violation of IC 9–11–2–2, it could have easily demonstrated that intent by phrasing the statute "a violation of [IC 9–11–2–2] *is* a class D felony if it results in the serious bodily injury of another person." Instead, the legislature provided that a violation of IC 9–11–2–2 plus an additional factor results in the *commission* of a different offense. This construction is further supported by the legislature's actions during its last revision of the statutory scheme concerning the operation of a vehicle while intoxicated. Previously, the provisions for operating a vehicle while intoxicated, as well as the provisions for punishments for the results of causing serious bodily injury and causing death were contained in the same statutory provision (for-

merly IC 9–4–1–54, which was repealed and replaced by P.L. 143–1983, which consisted of the current statutory structure). The legislature's separation of the offenses into *two distinct* statutory provisions clearly indicates that the legislature intended them to be two separate offenses.

■ These statutes must also be scrutinized in light of current double jeopardy analysis. In *Elmore v. State* (1978), 269 Ind. 532, 382 N.E.2d 893, our supreme court expressly adopted the *Blockburger*[3] test to determine whether a conviction is prohibited by the federal and state double jeopardy clauses because it constitutes a multiple punishment for a single offense. The *Blockburger* analysis requires a consideration of whether each count requires proof of an additional fact (or element) which the other does not. The offense of operating a vehicle while intoxicated causing the serious bodily injury to *one* person is separate from the offense of operating a vehicle while intoxicated causing the death of a *different* person. Therefore, double jeopardy considerations do not preclude multiple convictions and sentences.

In light of *Elmore* and *Blockburger*, we agree with this court's conclusion in *Dupin, supra*, that separate sentences may be given in multiple victim cases, even though the injuries arose as a result of a single accident.

Judgment affirmed.

MILLER, J., concurs.

SULLIVAN, J., concurs in part and dissents in part.

SULLIVAN, Judge, concurring in part and dissenting in part.

Although I agree with the majority's conclusion that the evidence supports a conviction, I must dissent from affirmance of *both* convictions.

The majority incorrectly states that *Kelly v. State* (1988) 2d Dist.Ind.App., 527 N.E.2d 1148, and *Spaulding v. State*, (1989) 1st Dist.Ind.App., 533 N.E.2d 597, merely "suggest" that double jeopardy considerations preclude sentences upon both convictions. The principle is a holding of

the *Kelly* decision which was followed in *Spaulding.*

*Johnson v. State* (1983) Ind., 455 N.E.2d 932, is misread by the majority here. The *Johnson* case did not involve a defendant who attempted to kill two people "at the same time." Majority Opinion at 519. As our Supreme Court recently noted in *Henderson v. State* (1989) Ind., 534 N.E.2d 1105: "'[Johnson] was convicted of two counts of attempted murder after *she struck one victim with her car, then pursued and struck another victim.*" At 1106 (emphasis supplied).

For the reasons set forth in *Kelly v. State, supra*, I would set aside the conviction for operating a vehicle while intoxicated causing serious bodily injury.

### ON REHEARING

In our original opinion, appearing as *Doss v. State* (1989), Ind.App., 536 N.E.2d 516, we affirmed Doss' convictions for operating a motor vehicle while intoxicated causing death and causing serious bodily injury. In light of the Supreme Court's decision in *Kelly v. State* (1989), 539 N.E.2d 25, we now grant Doss' petition for rehearing, vacate our original opinion, vacate his conviction for operating a motor vehicle while intoxicated causing serious bodily injury, and affirm his conviction for operating a motor vehicle while intoxicated causing death.

SULLIVAN, J., concurs.

MILLER, J., concurs.

■

---

**3.** *Blockburger v. U.S.* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306.