# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 13 2017, 9:10 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bernice A. N. Corley
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mark Anthony Woelfel, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | October 13, 2017 <br><br> Court of Appeals Case No. 49A04-1705-CR-977 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Angela Dow Davis, Judge <br><br> Trial Court Cause No. 49G16-1609-F6-37962 |

**Altice, Judge.**

## Case Summary

[1] Mark Woelfel appeals his convictions for Level 6 felony criminal recklessness and Class A misdemeanor domestic battery. He raises the following issues on appeal:

> 1. Were his convictions supported by sufficient evidence?
>
> 2. Do his convictions violate Indiana's double jeopardy prohibition?

[2] We affirm in part, reverse in part, and remand with instructions.

## Facts & Procedural History

[3] On the morning of September 16, 2016, Sierra Gruenwald, Woelfel's girlfriend of over two years, was in the process of moving into a new residence. The couple began arguing early that morning, and the argument continued as they loaded bags of Gruenwald's belongings into Woelfel's truck, drove to Gruenwald's new residence, and unloaded Gruenwald's belongings. The argument finally ended when Woelfel sped off in his truck.

[4] Shortly after Woelfel left, Gruenwald realized that Woelfel had taken over $2000 in cash from among her belongings. Gruenwald called Woelfel and told him to return the money, and he said he would only do so if Gruenwald gave him the SIM card out of her cell phone. Woelfel then returned to Gruenwald's residence, where he remained seated in his truck in the rear alley. Woelfel and Gruenwald argued over whether the money or the SIM card would be provided first, and Gruenwald eventually reached into the driver's-side window, grabbed

the steering wheel, and attempted to grab the bag containing the money. As she did so, Woelfel stepped on the gas and accelerated to approximately sixty miles per hour as Gruenwald continued to hold on. Woelfel then slammed on the brakes and kicked Gruenwald in the chest, knocking her off the vehicle. Woelfel then threw Gruenwald's money out the window and drove away.

[5] As a result of these events, the State charged Woelfel as follows: Count I, Level 6 felony criminal recklessness; Count II, Class A misdemeanor domestic battery; and Count III, Class A misdemeanor battery resulting in bodily injury. A bench trial was held on March 23, 2017, at the conclusion of which Woelfel was found guilty of Counts I and II, but acquitted of Count III. In entering its judgment, the trial court stated that that Counts I and II were "all kind of . . . the same act and so, you know, for purposes of a sentencing, that would merge them." *Transcript Vol. 2* at 56. Nevertheless, the trial court subsequently entered judgments of conviction and separate sentences on both counts. Woelfel now appeals.

## Discussion & Decision

### 1. Sufficiency of the Evidence

[6] Woelfel first argues that the State presented insufficient evidence to support his convictions. In reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Atteberry v. State*, 911 N.E.2d 601, 609 (Ind. Ct. App. 2009). Instead, we consider only the evidence supporting the conviction and the reasonable inferences flowing

therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, the judgment will not be disturbed. *Baumgartner v. State*, 891 N.E.2d 1131, 1137 (Ind. Ct. App. 2008). It is not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference may reasonably be drawn from it to support the conviction. *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007). Further, the uncorroborated testimony of a single witness is sufficient to support a conviction, even where the witness in question is the victim. *Ferrell v. State*, 565 N.E.2d 1070, 1072-73 (Ind. 1991).

[7] To support a conviction for Level 6 felony criminal recklessness as charged, the State was required to prove that Woelfel, while armed with a deadly weapon (i.e., his vehicle), knowingly or intentionally performed an act that created a substantial risk of bodily injury to Gruenwald. *See* Ind. Code § 34-42-2-2(a), (b)(1)(A) (setting out the elements of Class B misdemeanor criminal recklessness and providing that the offense is elevated to a Level 6 felony if committed while armed with a deadly weapon). Woelfel's appellate argument is premised on a misunderstanding of the elements of the offense charged. Specifically, he asserts that the State was required to prove that Gruenwald suffered serious bodily injury as a result of Woelfel's aggressive driving, as set forth in I.C. § 34-42-2-2(b)(1)(B). But to convict Woelfel as charged, the State was not required to prove that Gruenwald suffered any actual injury, much less serious bodily injury. Rather, the State was required to prove that Woelfel's

actions created a substantial risk of bodily injury and that he was armed with a deadly weapon. It was certainly reasonable for the trial court to find that Woelfel created such a risk by accelerating his truck while Gruenwald clung to the outside of the vehicle, and Woelfel makes no argument to the contrary. Nor does he dispute that a vehicle can be considered a deadly weapon. *See Johnson v. State*, 455 N.E.2d 932, 936 (Ind. 1983). We therefore conclude that the State presented sufficient evidence to support Woelfel's criminal recklessness conviction.

Woelfel also challenges the sufficiency of the evidence to support his domestic battery conviction. Although we find his arguments unconvincing, we need not address the issue because, as set forth below, the domestic battery conviction must be vacated due to a double jeopardy violation.

## 2. Double Jeopardy

Woelfel also argues that his convictions violate Indiana's double jeopardy prohibition. The double jeopardy clause found in Article 1, section 14 of the Indiana Constitution "was intended to prevent the state from being able to proceed against a person twice for the same criminal transgression." *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999). Two or more offenses are the "same criminal transgression" for the purposes of the Indiana double jeopardy clause if, "with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Id.*

[10]     In this case, the trial court expressly found that the criminal recklessness and domestic battery offenses were "all kind of . . . the same act" and that they would therefore merge. *Transcript Vol. 2* at 56. Nevertheless, the trial court entered separate convictions and sentences on both counts. The State appropriately concedes that this was error. Accordingly, we remand with instructions to vacate Woelfel's domestic battery conviction.

[11]     Judgment affirmed in part, reversed in part, and remanded.

[12]     Baker, J. and Bailey, J., concur.