**Charles BURKE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49S00–9808–CR–478.

Supreme Court of Indiana.

Nov. 19, 1999.

Robert V. Clutter, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Kathryn Janeway, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

SHEPARD, Chief Justice.

Appellant Charles Burke contends that a jury wrongly convicted him of murder inasmuch as the evidence showed he killed in sudden heat, making the crime voluntary manslaughter instead. We conclude there was ample evidence that Burke had time to contemplate his actions and therefore affirm.

Burke and Margaret Allison lived together for nine years until the relationship went south and she asked him to move out of the house. As they began to disengage, Burke lived for a while in a trailer parked

in the back yard and then at the residence of his aunt. He still tended to hang around Allison's house, hoping to re-ignite the relationship.

At about 4 p.m. on May 13, 1997, Burke called Allison to ask if he could come pick up some belongings. She said another time would be better. When Burke called again, a male voice answered. Burke decided to go to the house.

Upon arrival, he encountered the source of the male voice on the telephone: Michael Minardo, Allison's new boyfriend. At twenty-three, he was half Allison's age. Allison told Burke she had been dating Minardo for several months, and was pregnant by him. Though Burke remained in the house for a few moments, he readily became "vicious" and "wild." (R. at 126–27.)

Burke went out on the front porch. Next-door neighbor Terry Johnson saw Burke and invited him over. As the two men sat talking and drinking beer on Johnson's front porch, an angry Burke declared, "I'm going to kill both them [m-fs]." (R. at 99, 115.) He pulled a small gun from his pocket and asked Johnson if he thought it would kill somebody. Johnson replied it would, but said it "wasn't worth ruining his life over" and tried to talk Burke into giving him the gun. (R. at 101.)

Burke was not much of a drinker, but on this occasion he left to buy more beer and then returned. About fifteen minutes later, he went over to Allison's house, entered, stood for a time watching Allison and Minardo, and then demanded some of his belongings. Minardo helped Burke carry the items to his car.

Burke spent another twenty minutes talking with Johnson on his porch and then re-entered Allison's house. Minardo was asleep on the bed that Burke and Allison had long shared. Burke had a brief conversation in the living room with Minardo's mother, who had been present throughout the events. He then entered the kitchen, where Allison was playing solitaire. She asked him to leave, and matters began to escalate.

Working his way out of the house, Burke nodded in the direction of the sleeping Minardo and said to Allison, "Is this what you want?" (R. at 136–37.) Allison said it was. Burke took out his gun and shot Minardo in the head.

The charge against Burke was murder, but he contends he committed only voluntary manslaughter, a killing "while acting under sudden heat." Ind.Code Ann. § 35–42–1–3–(a) (West 1998). "Sudden heat" is defined as "anger, rage, sudden resentment or terror sufficient to obscure the reason of an ordinary man"; it prevents deliberation and premeditation, excludes malice and renders a person incapable of cool reflection. *Utley v. State*, 491 N.E.2d 200, 202 (Ind.1986).

■ When the evidence in a case suggests the presence of sudden heat, the State must disprove its existence beyond a reasonable doubt to obtain a conviction for murder. *Finch v. State*, 510 N.E.2d 673, 675 (Ind.1987); *Holland v. State*, 454 N.E.2d 409 (Ind.1983).

■ We conclude the State presented evidence adequate to warrant the jury's verdict. Burke announced his intent to kill Minardo some thirty or forty minutes before he shot him. In the meantime, he drank beer and talked with Johnson, made a trip to purchase more beer, carried his belongings to the car with Minardo's help, stood in Allison's home watching the two targets of his ire, chatted with Minardo's mother, and so on.

This was adequate evidence of time for deliberation. The jury could reasonably have rejected the claim of sudden heat and found Burke guilty of murder.

We affirm.

DICKSON, SULLIVAN, and BOEHM, JJ., concur.